414 P.2d 848

Benny E. ANAYA, Plaintiff-Appellee,

v.

FOUNDATION RESERVE INSURANCE COMPANY, Inc., Defendant-Appellant.

No. 7896.

Supreme Court of New Mexico.

May 31, 1966.

Waldo Spiess, Albuquerque, for appellant.

Traub, Parham & Zuris, Albuquerque, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

This appeal involves the "Use of Other Automobiles" insuring agreement of the defendant's liability insurance policy. This provision states that if the named insured owns a private passenger automobile covered by the policy, the insurance afforded by the policy under the liability coverage:

"* * * applies with respect to any other automobile, subject to the following provisions:

* * * * * *

(d) This insuring agreement does not apply:

(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household * * *"

Plaintiff was a named insured whose automobile was covered by the policy. Plaintiff had an accident while driving an automobile owned by his father. As a result of the accident, plaintiff was sued. Defendant denied coverage under the policy, refused to defend the accident suit and refused to pay the judgment rendered against plaintiff in the accident suit. Plaintiff sued defendant to establish coverage, claiming that the exclusionary clause, set forth above as (d)(1), is ambiguous and should be construed in his favor.

The parties stipulated, and the trial court found: (1) that on the day of the accident the plaintiff lived in the same home with his father, and (2) that the use of his father's car on the day of the accident was the only instance when plaintiff had borrowed the car from his father. The trial court concluded as a matter of law that the defendant had a duty to defend and a duty to pay the judgment in the accident suit, and entered judgment accordingly. Defendant appeals from this judgment.

■ Plaintiff claims that there are two ambiguities in the policy. Ambiguities are to be construed liberally in favor of the insured; however, a strained construction will not be resorted to for the purpose of establishing an ambiguity. Gray v. International Service Insurance Company, 73 N.M. 158, 386 P.2d 249.

Plaintiff claims an ambiguity in the words "a member of the same household." He asks whether the words mean (a) a household of which the insured is a part, or (b) a household of which the insured is the head. Such questions did arise in Juzefski v. Western Casualty and Surety Co., 173 Cal.App.2d 118, 342 P.2d 928; Farm Bureau Mut. Automobile Ins. Co. v. Violano, 123 F.2d 692 (2d Cir. 1941); and Leteff v. Maryland Casualty Company, 91 So.2d 123 (La.App.).

The exclusionary clause makes no reference to one's position in a household; the

requirement is that the persons involved be of the "same household."

Webster's Third New International Dictionary defines household as "those who dwell under the same roof and compose a family; a social unit comprised of those living together in the same dwelling place," and defines home as "the social unit formed by a family living together in one dwelling." Farm Bureau Mut. Automobile Ins. Co. v. Violano, supra, stated that in normal speech, one's household was the residential group with whom one lived. Leteff v. Maryland Casualty Co., supra, stated that the word household was synonymous with home.

Here, the father and son lived in the same home and, therefore, were members of the same household.

Plaintiff asks whether the father's car must have been furnished to plaintiff for his regular use before the exclusionary clause can apply. He claims that the meaning of the clause is ambiguous.

Travelers Indemnity Co. v. Pray, 204 F. 2d 821 (6th Cir. 1953) held that the exclusionary clause was ambiguous. See Juzefski v. Western Casualty and Surety Co., supra.

Simon v. Milwaukee Automobile Mutual Insurance Co., 262 Minn. 378, 115 N.W.2d 40, states that the rationale of the Pray decision has been "almost uniformly rejected," and that the great weight of authority holds that there is no ambiguity in such a clause. See 86 A.L.R.2d at 944.

We adopt the holding in the Simon case, as follows:

"We cannot agree with the trial court that the language used in this exclusionary clause is ambiguous. Giving the words used their ordinary meaning, the "Use of Other Automobiles" clause excludes coverage where an automobile not covered by the insurance is owned by the named insured or a member of the same household, or where an automobile is furnished for regular use to either the named insured or a member of the same household."

The son was a member of the same household as the father. He was driving his father's car at the time of the accident. The exclusionary clause applied, and there was no coverage. Defendant had neither an obligation to defend the accident suit nor to pay the judgment rendered against plaintiff in the accident suit.

The judgment is reversed and the cause remanded to the district court, with direction that the judgment heretofore entered be set aside, and that a new judgment be entered dismissing the complaint.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.