460 P.2d 339

Mary Jane O. KLOEPFER, Plaintiff
and Appellant,

v.

CONTINENTAL ASSURANCE COMPANY,
Defendant and Respondent.

No. 11581.

Supreme Court of Utah.

Oct. 29, 1969.

Olson & Hoggan, Charles P. Olson, Logan, for plaintiff and appellant.

Jones, Waldo, Holbrook & McDonough, W. Robert Wright, G. Randall Klimt, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The plaintiff is the widow of Eldon J. Kloepfer, deceased, and sues as the named beneficiary in a group life insurance policy written by the defendant. The sole issue relates to the time when the policy in question became effective.

The facts are not in dispute and are as follows:

The deceased was an aviator and a member of the National Aeronautic Association, which organization had a group insurance policy with the defendant. The master policy contained the following language:

This Policy shall be effective from 12:01 A.M. Standard Time, at the Policyholder's address, on the 1st day of December, 1966, which date shall be its date of issue, for a term of one year, *from which date all insurance years and months shall be computed.*

\*    \*    \*    \*    \*    \*

Each Individual eligible for insurance hereunder who makes written request to the Policyholder, on the Company's forms, to participate in the insurance under this Policy, and makes the required payment of premium, if any, shall become insured subject to the following conditions:

(A) Each such Individual must furnish, without expense to the Company, evidence of insurability satisfactory to it before he may become insured. If such evidence is submitted, *and payment of the required premium made,* if any, *the Individual's insurance shall become effective on the first of the insurance month coinciding with or next succeeding the date the Company determines the evidence to be satisfactory.* (Emphasis added.)

The deceased was eligible for insurance, and on March 30, 1968, made application for coverage under the group insurance plan. His application was accepted, and on April 11, 1968, the following letter, including a policy and notice of premium due, was mailed to him:

Mr. Eldon J. Kloepfer
770 East Center
Logan, Utah

Re:   National Aeronautic Association
        Group Life Insurance Program

Dear Mr. Kloepfer:

We are pleased to enclose your Group Life Insurance Policy issued exclusively to Members of the National Aeronautic Association effective May 1, 1968.

Group Insurance provides you with more coverage for less money than any insurance obtainable.

We are certain you will find it to be a wonderful policy and well worth the premium.

Should you at any time have a question, or if we can be of service, please write us, and I assure you it will receive our immediate attention.

> Sincerely,
> (Sgd.) Charles O. Finley
> Charles O. Finley

The deceased never received the policy, for late at night on April 11, 1968, he lost his life in a plane crash.

The policy written and enclosed in the letter showed the effective date to be May 1, 1968. The plaintiff argues that the policy was effective when mailed and that by sending it with a bill for the premium due the prepayment of premium was waived. She claims there is an ambiguity as to what the term "insurance month" means, and

since the defendant wrote the policy, the ambiguity should be resolved in her favor and the insurance month be held to begin when issued, to-wit, April 11, 1968.

We are unable to see the ambiguity. The master policy was effective December 1, 1966, and provided that that date should be the date "from which all insurance years and months shall be computed."

If application for insurance is accepted on the first of any month, then the policy would be effective on that date, for it is the first day of the insurance month *coinciding with the date* the company determines that the applicant is eligible for insurance. If such determination of eligibility is made on any other date, then under the terms of the master policy it would become effective on the first of the insurance month next succeeding such date of determination.

The language of the policy quoted above seems clear and unambiguous to us. The policy by its terms specifically insured the decedent as of May 1, 1968. The notice of premium due showed that it was not due until May 1, 1968, and was for one month, prorated to June 1, 1968, the date of the semi-annual renewal. The policy further provided that it would not be effective unless the first premium was paid in full. No payment was ever offered to be made on the premium until May 7, 1968, when the plaintiff tendered a check for the amount of the bill.

Our sympathies go out to the plaintiff, who may be in need of the proceeds of the policy which she undoubtedly hoped to collect. However, we cannot require the defendant to pay other than according to the terms of this policy. We cannot back-date that policy, nor would we have allowed the defendant insurance company to collect premiums for any coverage previous to May 1, 1968, had the insured not lost his life.

The trial judge correctly granted summary judgment in favor of the defendant, and we affirm his ruling. Each party is to bear its own costs.

CROCKETT, C. J., and TUCKETT, CALLISTER and HENRIOD, JJ., concur.