516 P.2d 668

**Nedra C. CAIN, Administratrix of the Estate of Sidney L. Cain, Deceased, and Nedra C. Cain as personal representative of Sidney L. Cain, Deceased, Plaintiff-Appellant,**

v.

**NATIONAL OLD LINE INSURANCE COMPANY, a foreign insurance corporation, Defendant-Appellee.**

**No. 9751.**

Supreme Court of New Mexico.

Dec. 14, 1973.

Hunker, Fedric & Higginbotham, Roswell, for appellant.

Atwood, Malone, Mann & Cooter, Robert E. Sabin, Roswell, for appellee.

OPINION

OMAN, Justice.

This is a suit for an alleged breach and the construction of an insurance contract. The trial court entered judgment for the defendant [Insurer] and plaintiff [Administratrix of the Estate of the Insured] has appealed. We affirm.

The Insurer had reinsured decedent under a Cancer Insurance Policy issued by Century Life Insurance Company. The policy of insurance was issued on April 26, 1965, and, insofar as here pertinent, provided:

"* * * [T]he Company, does hereby insure the Insured * * *, to the extent herein provided, against loss resulting from hospital confinement and other specified expenses in accordance with the provisions, conditions, and limitations stated in this policy caused exclusively by cancer, hereinafter called 'such sickness'"

"If any Insured shall become afflicted with cancer * * * while this policy

is in force, the Company will pay indemnities according to the Schedule of Benefits, * * * for the expenses incurred by any Insured within three years from the date of the first treatment for such sickness, * * *."

"No loss shall be payable under this policy unless cancer is positively so diagnosed by a legally qualified Pathologist based on tissue examination * * *."

The trial court made the following pertinent findings of fact which are not challenged:

"In February, 1968, surgical and pathological examination disclosed that [Insured] was suffering from cancer of the colon.

"The cancer of the colon was treated surgically in February of 1968.

"[Insured] filed a claim with [Insurer] for the benefits to which he was entitled under [the] policy * * * as a result of suffering from medically diagnosed cancer.

"For a period of three years, until February, 1971, all benefits to which [Insured] was entitled as a result of the medically diagnosed cancer were paid [by the Insurer].

"The cancer in the colon spread or metastasized from the colon to the left lung. The spread of the cancer was discovered by surgical and pathological examination in January, 1972.

"Metastasis is the transfer or spreading of disease from one part of the body to another not directly connected with it.

"At all times from the first treatment of the cancer in February, 1968, to the discovery of the cancer in the lung in January, 1972, cancer disease remained in [Insured's] body.

"In February, 1972, [Insured] filed a claim with [the Insurer] for the benefits to which he claimed to be entitled under [the] policy * * * as a result of the discovery of the cancer of the lung."

The sole question presented to the trial court was whether the Insured was entitled to recover under the policy for expenses incurred for treatment of the cancer after the lapse of three years from the date of the first treatment therefor because the cancer had spread to the lung.

Plaintiff takes the position that the policy was ambiguous and uncertain. This position is predicated upon her contentions that (1) cancer was not, but should have been, defined in the policy; (2) metastasis was not, but should have been defined and expressly excluded from the policy coverage, if this is what the Insurer intended; and (3) the trial court "equates cancer and metastasis as being one and the same thing, when they are not."

The term "cancer" is commonly understood to mean a malignant growth which expands and often spreads to other sites or parts of the body. See definitions in Webster's Third New International Dictionary Unabridged (1961); Random House American Dictionary (1968); American Heritage Dictionary of the English Language (1969).

[▪▪▪] The fact that words and terms used in contracts of insurance, as well as in other contracts, may not be fully understood by everyone, does not give rise to ambiguity because such words and terms are not fully defined in the contract. Words and terms used in a contract are to be construed to effect the intent of the parties. Knotts v. Safeco Insurance Company of America, 78 N.M. 395, 432 P.2d 106 (1967). In accomplishing this construction, the words and terms must be read in their usual and ordinary sense, unless some different meaning is required. Couey v. National Benefit Life Insurance Company, 77 N.M. 512, 424 P.2d 793 (1967). If in fact ambiguity exists in the language of an insurance contract, then it should be construed liberally in favor of the Insured. However, resort will not be made to a strained construction for the purpose of creating an ambiguity when no ambiguity in fact exists. Miller v. Mutual Benefit Health & Acc. Ass'n Of Omaha, 76 N.M. 455, 415 P.2d 841, 19 A.L.R.3d

1421 (1966); Anaya v. Foundation Reserve Insurance Company, 76 N.M. 334, 414 P.2d 848 (1966).

In any event, there is no dispute over the fact that the Insured suffered from cancer. His ailment was so diagnosed by legally qualified pathologist, as required by the contract; the Insured filed claim for the benefits to which he was entitled under the contract by reason of expenses incurred for treatment of this cancer; and the Insurer paid benefits pursuant to this claim in accordance with the policy provisions.

"Metastasis" is not defined in the contract, but neither is it used therein. Even assuming that the ordinary person does not understand the meaning thereof, the ordinary person does understand what is meant by "transfer" or "spreading," which is what the trial court found "metastasis" means, and this finding has not been attacked. As above stated, one of the commonly understood characteristics of cancer is that it often spreads to other sites or parts of the body.

We fail to understand the logic of plaintiff's contention that "metastasis," a word she contends is not understood by the ordinary person, should have been used and defined in the policy, and then excluded from the policy coverage, if the Insurer did not intend to pay benefits for the same cancer which had originally occurred in the colon and then spread to the lung. Our difficulty in understanding this position is enhanced by plaintiff's stipulation that:

"Pathological examination and comparison of cancer cells removed from the left lung of [Insured], with cancer cells removed from the colon of [Insured] in February, 1968, disclosed that the two sets of cells had similar histologic features and the doctors concluded as a reasonable medical probability that there had been metastasis of the cancer from the colon to the left lung."

It is apparent that the trial court did not equate "cancer" with "metastasis." If any-one was confused by these terms and in any way considered them "as being one and the same thing, when they are not," it is apparently plaintiff's attorney. We view plaintiff's contention in this regard as another suggestion of confusion and ambiguity, when no confusion or ambiguity exists. The language of the insurance contract is plain and precise.

Plaintiff also complains of the trial court's refusal to adopt several of her requested findings of fact and conclusions of law. We have carefully considered her contentions in support of her complaints and find them to be without merit.

The judgment should be affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.