518 P.2d 776

Claudia **DAVISON**, Individually and as next friend of Raymond Vernon Davison, Jr. and Paulette Francine Davison, both minors, Plaintiff-Appellant,

v.

**BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA et al.**, Defendants-Appellees.

No. 9779.

Supreme Court of New Mexico.

Jan. 25, 1974.

James R. Toulouse & Associates, Briggs F. Cheney, Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Kenneth L. Harrigan, Frank H. Allen, Jr., Albuquerque, for defendants-appellees.

## OPINION

STEPHENSON, Justice.

This action was brought to recover benefits under a certain group life and accidental death and dismemberment policy ("the policy") issued by the appellee life insurance company ("the company") to Bernalillo County covering the latter's employees. The trial court granted the company's motion for summary judgment and plaintiff appeals. We affirm.

In April, 1971, representatives of the company conducted meetings with county employees concerning the group policy, which required employee contributions. During these meetings it was explained that as to those individuals who were full-time employees of the county on May 1, 1971, the eligibility date of the policy, who agreed to make the required contributions and who made written request for such insurance prior to that day, the insurance would be issued effective May 1, 1971. For those employees who met the above requirements, but who filed their written request after May 1, 1971, but before June 1, 1971, the insurance would be issued effective June 1, 1971. As for those employees whose written requests were dated June 1, 1971 or thereafter, it was explained that it would be necessary for those employees to submit evidence of insurability to the company.

In the latter instance the insurance would not become effective until the first day of the policy month coincident with or next following the date the company determined the evidence of insurability to be satisfactory.

Whether decedent attended any such meeting is unknown.

The policy in pertinent part provided: "EFFECTIVE DATE OF AN INDIVIDUAL'S INSURANCE. The insurance for an eligible Individual shall become effective on the applicable date set forth below:

2. If contributions from Individuals are required, the insurance shall become effective as follows, provided the Individual makes written request for insurance on forms provided by the Company and agrees to make the required contributions and subject to the other requirements in this provision:

(c) When the date of written request is more than thirty-one days after the Individual becomes eligible for insurance, or is after previous termination of insurance because of failure to make any required contribution, the Company reserves the right to require of the Individual, without expense to the Company, evidence of insurability satisfactory to the Company before he may become insured. If such evidence is required and submitted, the insurance shall become effective on the first day of the policy month coincident with or next following the date the Company determines the evidence to be satisfactory, provided the Individual is then in a class of Individuals eligible for insurance."

In any case, it appears that the decedent signed a payroll deduction form on June 8, 1971 which was received by the company on June 14. On June 22, the company wrote its Albuquerque office requesting a statement of health which was signed by decedent on June 29, 1971. Meanwhile, the statement not having been received by the company, a second request was made by it on July 2. The decedent's statement was received by the company sometime between July 2 and July 8, 1971 when the company approved the statement.

Whether the time intervals or delays in the course of paper work, on the part of either the decedent or the company are unreasonable, or what the occasion therefor may have been, is unknown.

Under the policy, its effective date as to the decedent would have been August 1, 1971. On July 14, 1971 the company issued a certificate of insurance to the decedent stating rather clearly in several places that the effective date of the coverage was August 1, 1971.

When the decedent received the certificate, or in fact whether he received it, is unknown. He never raised any question about its effective date during the short span of his remaining life. He died on July 31, 1971.

It is difficult to come to grips with the plaintiff's theory. The first amended complaint alleged in separate counts four theories of liability. The first count claimed that the company represented to the county that the insurance coverage for each employee would be effective upon acceptance of the policy and the making of the payroll deduction for the payment of the premium. The second count asked that the policy be reformed to show an effective date of July 30, 1971 when decedent's payment for premium was allegedly made and received by the company. In the third count it is claimed that the county, as agent for the company, was negligent in processing the decedent's application and the fourth count asserted that the county, as the company's agent, contracted with the decedent to deliver to him the policy on or before July 1, effective as of that date and that it breached the contract.

From what we have said no discussion is required, nor will we indulge in any, to demonstrate that none of these allegations find support in the facts.

In truth, on appeal, the plaintiff frankly concedes:

"It really cannot be disputed, as it is a matter of the record, that the insured had not complied with the requirements of the insurance policy. Under the terms of the policy the insured's coverage did not go into effect until August 1, 1971."

The plaintiff makes mention of complexity in the policy and the decedent's supposed inexperience in the insurance field, coupled with a speculation that such inexperience may have accounted for his failure to comply with the policy requirements. These matters are said to be all that is necessary in this appeal, the basis of which is our decision in Pribble v. Aetna Life Insurance Company, 84 N.M. 211, 501 P.2d 255 (1972).

· Pribble, supra, stands for several propositions, none of which are applicable to the facts of this case. In Pribble, we held: (1) that the issue of the agent's authority was a question of fact precluding a grant of summary judgment; (2) that the insured would not be bound by a literal application of the terms of the policy where there was a representation that coverage existed for occupational injuries; (3) that if the language of the policy is such that a layman could not understand its full impact, the policy would be interpreted in such a manner as to yield maximum protection consistent with policy language and the reasonable expectations of the insured. Here, there are no facts from which we could infer that a representation of coverage was made or that an ambiguity exists in the language of the policy.

Plaintiff would apparently read Pribble as meaning that whenever an insurance policy is or may be less than clear to a layman, its true meaning will be disregarded and the policy construed in whatever manner is necessary to allow recovery. This, of course, is not the law, and Pribble was so radically different upon its facts as to furnish little comfort to plaintiff here.

The case at bar is quite similar to Kloepfer v. Continental Assurance Company, 23 Utah 2d 178, 460 P.2d 339 (1969). In that case the deceased was an aviator and a member of the National Aeronautic Association which had a group insurance policy with the defendant. Like the language in the master policy between the

Company and the county, the master policy in Kloepfer provided that:

"Each such individual must furnish, without expense to the Company, evidence of insurability satisfactory to it before he may become insured. If such evidence is submitted, and payment of the required premium made, if any, the Individual's insurance shall become effective on the first of the insurance month coinciding with or next succeeding the date the Company determines the evidence to be satisfactory."

On March 30, 1968, the decedent applied for coverage under the group insurance plan and provided evidence of insurability. His application was accepted and on April 11, 1968, the policy was issued to him effective May 1, 1968. The decedent died on April 11, 1968, and his widow contended that, notwithstanding the fact that the policy itself expressly provided that it was to be effective May 1, 1968, the court should construe the policy as being effective on April 11, when it was issued. It was argued that the language of the policy was ambiguous. The Supreme Court of Utah said that it was unable to see any ambiguity and affirmed a summary judgment awarded by the trial court to the defendant. It was explained:

"If the application for insurance is accepted on the first of any month, then the policy would be effective on that date, for it is the first day of the insurance month, coinciding with the date the company determines that the applicant is eligible for insurance. If such determination of eligibility is made on any other date, then under the terms of the master policy it would become effective on the first of the insurance month next succeeding such date of determination.

"The language of the policy quoted above seems clear and unambiguous to us."

In closing the court noted:

"Our sympathies go out to the plaintiff, who may be in need of the proceeds of the policy which she undoubtedly hoped to collect. However, we cannot require the defendant to pay other than according to the terms of this policy. We cannot back-date that policy, nor would we have allowed the defendant insurance company to collect premiums for any coverage previous to May 1, 1968, had the insured not lost his life."

We echo the sentiments of the Supreme Court of Utah.

We see no ambiguity here. In Cain v. National Old Line Insurance Company, 85 N.M. 697, 516 P.2d 668, (1973) we said:

"If in fact ambiguity exists in the language of an insurance contract, then it should be construed liberally in favor of the Insured. However, resort will not be made to a strained construction for the purpose of creating an ambiguity when no ambiguity in fact exists. Miller v. Mutual Benefit Health & Acc. Ass'n of Omaha, 76 N.M. 455, 415 P.2d 841, 19 A.L.R.3d 1421 (1966); Anaya v. Foundation Reserve Insurance Company, 76 N.M. 334, 414 P.2d 848 (1966)."

Finding no error, the summary judgment is affirmed.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.