522 P.2d 574

Travis J. ASKEW, Jr., Individually and as Administrator of the Estate of Patricia Sue Askew, Deceased, Plaintiff-Appellant,

v.

The MILLER MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Defendant-Appellee.

No. 9834.

Supreme Court of New Mexico.

May 17, 1974.

———◆———

Adams & Foley, Horton & Werner, Albuquerque, for plaintiff-appellant.

Keleher & McLeod, Russell Moore, Richard B. Cole, Albuquerque, for defendant-appellee.

OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Bernalillo County to obtain a declaratory judgment that an insurance policy issued by the defendant-appellee to the State Highway Department of New Mexico (Department) covers the Department for liability in connection with an automobile accident in which the plaintiff-appellant was injured and his wife was killed.

On July 2, 1970, appellant's car struck a horse resulting in the accident herein involved. Appellant's original complaint was dismissed for lack of venue. Upon refiling, appellant asserted that the accident was caused by the negligence of the Department in failing to adequately maintain the fence through which the horse might

have entered the highway and in failing to install signs warning motorists to watch for animals. Based upon this assertion, appellant claimed that (1) the insurance policy issued by appellee covered the acts of negligence alleged to have been committed by the Department, and (2) regardless of this, appellee waived its rights to deny insurance coverage by obtaining a dismissal of the original complaint for lack of venue. The district court held for appellee and appellant comes before this court basically on the same two issues. We affirm.

■ The first issue depends upon the coverage afforded by a comprehensive liability insurance policy carried by the Department, as authorized by § 5–6–19, N.M. S.A.1953 (Repl. Vol. 2, 1966). Section 5–6–20, N.M.S.A.1953 (Repl. Vol. 2, 1966), waives sovereign immunity to the extent of such insurance coverage. In other words, the Department is subject to suit only to the extent it is protected by liability insurance. The policy in question contained the following exclusionary language:

"It is agreed that the policy does not cover any liability arising from the existence or condition of highways, streets, roads, or other dedicated ways, including bridges, culverts and structures appurtenant, or relating thereto, or the existence or nonexistence of traffic control devices.

"This exclusion does not apply to injury or damages occurring during the construction, maintenance or repair operations undertaken by the named insured."

■ Appellant concedes that the fence in question was a structure appurtenant to the highway and that the injury did not occur during any construction, maintenance or repair operations undertaken by the Department. Appellant's sole contention with regard to the first issue is that the fence was not appurtenant to a culvert and the exclusionary language refers *only* to structures appurtenant or relating to culverts. We cannot agree with such a strained construction for the purpose of creating an ambiguity, when no ambiguity in fact exists. Miller v. Mutual Benefit Health & Acc. Ass'n of Omaha, 76 N.M. 455, 415 P. 2d 841, 19 A.L.R.3d 1421 (1966); Anaya v. Foundation Reserve Insurance Company, 76 N.M. 334, 414 P.2d 848 (1966).

The language of the policy is clear and unambiguous. The obvious intent of the exclusion was to encompass structures appurtenant or relating to highways as well as other dedicated ways. Therefore, since appellant admits that the fence is a structure appurtenant to a highway, it is readily apparent that the fence fell within the purview of the exclusionary clause.

We hereby hold that the exclusionary clause also covers the nonexistence of signs warning motorists of animals since such signs would be traffic control devices under the ordinary and generally accepted definition and understanding of what is meant by "traffic control devices."

Appellant's second contention that appellee, by affording a defense to the Department, has waived any question of coverage with respect to the Department's liability is also without merit.

■ The question of waiver is one with which only the insured and the insurer are concerned. As between appellee and appellant, there exist no rights between them under the insurance policy since appellant was at no time a party to this contract. See State Farm Mutual Automobile Ins. Co. v. Gonzales, 83 N.M. 296, 491 P.2d 513 (1971).

The judgment is affirmed. It is so ordered.

OMAN, MONTOYA and MARTINEZ, JJ., concur.

STEPHENSON, J., dissents.

STEPHENSON, Justice (dissenting).

I dissent with some diffidence not only out of respect for the views of my learned brethren, but because I thereby concede that I am the only member of our group who experiences difficulty in grasping the

meaning of the exclusionary clause quoted by the majority.

I will accept the proposition that the fence in question was a structure appurtenant, or relating to the highway. However, a careful reading of the quoted clause fails to convince me that the phrase "and structures appurtenant, or relating thereto," is applicable to "highways, streets, roads, or other dedicated ways,". It seems to me that it could, with equal or greater reason, be applicable only to "culverts", particularly in view of the absence of a comma after that word. Thus, I consider that the clause is at least ambiguous.

Being ambiguous, it should be construed. Documents are construed strictly against those by whom they are prepared—in this case the appellee. Moreover, I believe the rule of last antecedents comes into play. Under that doctrine, relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote. In re Goldsworthy's Estate, 45 N.M. 406, 115 P.2d 627 (1941). Utilizing that precept, the phrase "structures appurtenant, or relating thereto," would apply to "culverts" but not to "highways, streets, roads, or other dedicated ways." There is no evidence here that the fence that was down was appurtenant to the culvert. Therefore, the exclusionary clause' should not apply.

Goldsworthy was a case involving statutory construction, but the rule of last antecedents is a rule of grammar as well as law, and the authorities quoted in that case indicate that it applies to other writings.

I also disagree with the majority that the exclusionary clause applies to the lack of any warning sign. In my opinion, a sign and a device are not the same. The latter, in common parlance, is something devised—a contrivance or invention. Webster's Third New International Dictionary gives the following definition:

"a piece of equipment or a mechanism designed to serve a special purpose or perform a special function"

The same work defines "sign" as being:

"A conspicuously placed word or legend (as on a board or placard) of direction, warning, identification, or other information of general concern"

I cannot equate the word "device", which connotes a mechanical or electrical arrangement, with a warning sign. I therefore consider that the quoted exclusionary clause does not exclude negligence in failing to place warning signs.

Inasmuch as there was evidence from which the court could have found appellee's insured negligent in having failed to properly maintain the fence and in failing to erect warning signs concerning stock on the highway, I would reverse.

I agree with the majority that appellant's claim concerning appellee having waived its right to deny coverage is without merit.