**BITUMINOUS CASUALTY CORPORATION**

v.

**KENWORTHY OIL COMPANY.**

**No. MO–95–CA–047.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Jan. 16, 1996.

H. Michelle Caldwell, David J. Schubert, Vial, Hamilton, Koch & Knox, Dallas, TX, for plaintiff.

Stephen Brannan, Odessa, TX, for defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56

GUIROLA, United States Magistrate Judge.

Plaintiff, Bituminous Casualty Corporation ("Bituminous"), has filed a 28 U.S.C. § 2201 complaint for declaratory judgment. Bituminous seeks judicial determination of their duty to defend and indemnify the insured, Kenworthy Oil Company ("Kenworthy") in a pending state court action. Before this Court is the Motion of Bituminous for Summary Judgment pursuant to FED.R.CIV.P.

56(a). After consideration of the Plaintiff's Motion, Defendant's reply, arguments of counsel and the pertinent legal authority, it is the opinion of the Court that Plaintiff's motion is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

Between 1990 and 1995 Bituminous issued to Kenworthy five one-year commercial general liability insurance policies. In October of 1994 Kenworthy was included as a party defendant in a lawsuit filed in the 190th District Court, Harris County, Texas styled *Robert B. Holt v. Texaco Exploration & Production, Inc., et al.,* Cause No. 94–051183 ("*Holt*"). The dispute in the *Holt* lawsuit centers around allegations that the defendants have conducted oil and gas recovery operations in a manner which has resulted in the corruption of the underlying aquifer by residual pollutants. Kenworthy turned to Bituminous to commence its contractual obligations to defend and indemnify under the provisions of the insurance policy.

In the pending summary judgment motion, Bituminous contends that the policy's pollution exclusion endorsement relieves them of any obligation to defend or indemnify Kenworthy. Alternatively, Bituminous argues that the facts alleged in the underlying state court action do not constitute an "occurrence" within the meaning of the policy.

### DISCUSSION

FED.R.CIV.P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25, 106 S.Ct. at 2553–54. The non-moving party

may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ In determining whether an insurer has a duty to defend its insured, Texas courts employ the "eight corners rule" or the "complaint allegation rule". Under this principle, the allegations of the complaint are taken as true, and the duty to defend arises if the complaint thus construed asserts a claim facially within the coverage of the policy as reflected by its terms. *Lafarge Corp. v. Hartford Casualty Insurance Co.,* 61 F.3d 389, 393 (5th Cir.1995). The insurer may look solely at the pleadings without reference to facts outside the pleadings to make a determination of whether there is a duty to defend. *American Alliance Insurance v. Frito Lay,* 788 S.W.2d 152 (Tex.App.—Dallas 1990).

■ All of the insurance policies issued to Kenworthy by Bituminous contained a pollution exclusion endorsement. The endorsement provides:

This insurance does not apply to:

(1) Bodily injury or property damages arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants.

(2) Any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Subparagraph (1) above does not apply to bodily injury or property damage caused by heat, smoke or fumes from a hostile fire. As used in this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

A reduction in the policy premium has been allowed for the attachment or this endorsement.

Pollution exclusion endorsements such as the one contained in the Bituminous policies have been characterized as "absolute" pollution exclusions. "Most courts which have examined the same or substantially similar absolute pollution exclusions have concluded that they are clear and unambiguous." *National Union Fire Insurance Company of Pittsburgh v. CBI Industries, Inc.* 907 S.W.2d 517, 522 (Tex.1995) (citations omitted). The court in *CBI* held that the absolute pollution exclusion provisions at issue were "[C]lear and susceptible of only one possible interpretation . . . there are no patent or latent ambiguities in the policies, . . ." *Id.* at 522. One of these pollution exclusion clauses is essentially identical to the Bituminous pollution exclusion provisions.[1] *See also Bituminous Casualty Corporation v. St. Clair Lime Co.,* No. 94–6436, 1995 WL 632292 (10th Cir. Oct. 27, 1995) (holding that an identical pollution exclusion clause was unambiguous).

Bituminous contends that the factual allegations of the *Holt* lawsuit involve acts excepted by the pollution exclusion endorsement. Kenworthy counters that the *Holt* lawsuit alleges causes of action outside the pollution exclusion clause. Admittedly, the *Holt* lawsuit pleads negligence, trespass, nuisance, intentional infliction of emotional distress, strict liability, fraud, and breach of covenants within oil and gas leases or easements. However, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged. *Duncanville Diagnostic Center*

1. "The National Union policy contained the following exclusion:

This policy does not apply to . . . any Personal Injury or Property Damage arising out of the actual or threatened discharge, dispersal, release, or escape of pollutants, anywhere in the world; . . . "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material. Waste materials include materials which are intended to be or have been recycled, reconditioned or reclaimed." *CBI* at 519.

*Inc., v. Atlantic Lloyd's Insurance Co.* 875 S.W.2d 788, 789 (Tex.App.—Eastland, 1994). *See also Adamo v. State Farm Lloyds Co.* 853 S.W.2d 673, 676 (Tex.App.—Houston 1993) (holding that the facts giving rise to the alleged actionable conduct determines coverage, not the cause of action alleged). The argument urged by Kenworthy was rejected in *Northbrook Indemnity Insurance Co., v. Water District Management Company, Inc.,* 892 F.Supp. 170 (S.D.Tex.1995). The *Northbrook* court applied a "same nucleus of facts" test in determining whether to apply the policy's pollution exclusion provisions.

> [T]he fact that the underlying petitions allege various theories of liability, including negligence, does not change the nature of the precluded event. Because all of the underlying plaintiffs' alleged injuries arise out of the discharge, dispersal, release, or escape of pollutants, the absolute pollution exclusion operates to bar recovery of all of the Russell and Gilligan plaintiffs' claims. *Id.* at 175.

The Court has reviewed each of the factual allegations in the *Holt* complaint. When these factual allegations are distilled to their essence, it is clear that plaintiff seeks recovery of damages for past and future pollution of the underlying aquifer. Quoting from the *Holt* complaint:

> "[D]efendants have conducted their operations in such a manner as to allow oil, produced water, injection water and other fluids used in their oil and gas operations to accumulate on the surface and in certain unlined pits so that the natural and inevitable result of their failure to adequately clean-up and remediate those pollutants and contaminants will be to either pollute or potentially pollute the underlying aquifer." *See* Original Petition, *Robert B. Holt v. Texaco Exploration & Production, Inc., et al.,* Cause No. 94–051183, ¶ II, p. 6 (Exhibit "A", to Defendant's Response to Plaintiff's Motion For Summary Judgment).

> "[T]o the extent that the oil and gas operations of the defendants, as set forth in greater particularity below, have already contaminated the shallow aquifer, then this lawsuit seeks all past and future damages occasioned to the plaintiff by reason of that contamination. To the extent that the oil and gas operations of certain defendants, as set forth particularly below, have resulted in surface and sub-surface pollution and contamination, which, if not properly cleaned up, could potentially pollute and contaminate the shallow aquifer, then the plaintiff seeks all past and future damages for the reasonable and necessary costs of clean-up to prevent such future contamination from occurring to the freshwater zones underlying the Ranch ..." *See* Original Petition, *Robert B. Holt v. Texaco Exploration & Production, Inc., et al.,* Cause No. 94–051183, ¶ II, p. 7–8 (Exhibit "A", to Defendant's Response to Plaintiff's Motion For Summary Judgment).

■ Language similar to the examples above are repeated throughout the *Holt* complaint. The absolute pollution exclusion endorsement applies to damages "arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants", regardless of the theoretical source of the damage.

■ Moreover, the factual allegations of the *Holt* lawsuit do not constitute an "occurrence" within the meaning of the policies. The policies issued by Bituminous to Kenworthy define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions". The damages to the Holt property are not "accidental" but are the natural and probable consequences of oil and gas production activities. "[C]overage does not exist for inevitable results which predictably and necessarily emanate from deliberate actions." *Meridian Oil Production, Inc., v. Hartford Accident and Indemnity Company,* 27 F.3d 150, 152 (5th Cir.1994).

■ Finally, Kenworthy argues that Bituminous has a duty to defend under Coverage B, the "personal injury" provisions of the policies. Kenworthy contends that since the *Holt* complaint contains an allegation of trespass, the wrongful entry provisions of the

policies apply.[2] A similar argument was rejected in *A.J. Gregory v. Tennessee Gas Pipeline Co.*, 948 F.2d 203 (5th Cir.1991). The court of appeals held:

> "The district court held such a construction of Coverage B was unreasonable. The court stated that to extend Coverage B to all property damages, including damages which would be covered under Cover A, would render the pollution exclusion meaningless. This is correct. The risk of property damage caused by pollution, a risk ... expressly excluded ... under Coverage A, would be subsumed under Coverage B." *Id.* at 209.

All of the factual allegations in the *Holt* lawsuit fall within the clear and unambiguous provisions of the pollution exclusions in each respective policy. There exists no genuine issue as to any material fact. Therefore, Bituminous is entitled judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Plaintiff Bituminous Casualty Corporation has no duty or obligation to defend or indemnify the Defendant Kenworthy Oil Company under Bituminous Casualty Corporation commercial general liability policies Nos. CLP 2 029 733, CLP 2 073 100, CLP 2 096 304, CLP 2 114 959 and CLP 2 138 279 in the civil action filed in the 190th District Court, Harris County, Texas styled *Robert B. Holt v. Texaco Exploration & Production, Inc., et al.*, Cause No. 94–051183.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion of the Plaintiff, Bituminous Casualty Corporation, for Summary Judgment pursuant to FED.R.CIV.P. 56 should be, and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED.**

---

**2.** The 1990–1991 policy provides in part:

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

10. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

c. Wrongful entry into, or eviction of a person from a room, dwelling or premises that the person occupies;

The remaining policies provide in part:

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

10. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;