**RESURE, INC.**

v.

**CHEMICAL DISTRIBUTORS, INC.; Safeway Transportation, Inc.; Edward Buggage; Scott F. McCants and Saul Kimble.**

**Civil Action No. 95–274–B.**

United States District Court,
M.D. Louisiana.

May 31, 1996.

*nilles, Inc. v. Ostow & Jacobs, Inc.,* 168 F.Supp. 894 (S.D.N.Y.1958)).

Ralph Shelton Hubbard, III, Loree Peacock LeBoeuf, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, Louisiana, for Plaintiff.

Andre' Collins Gaudin, Abbott, Best & Marks, New Orleans, Louisiana, Laurence E. Best, Best, Koeppel & Klotz, New Orleans, Louisiana, for Defendant Chemical Distributors, Inc.

Ward F. LaFleur, Preis & Kraft, Lafayette, Louisiana, for Safeway Transportation, Inc.

Charles R. Moore, Moore, Walters, Shoenfelt & Thompson, Baton Rouge, Louisiana, for Edward Buggage and Scott F. McCants.

Walton J. Barnes, II, Baton Rouge, Louisiana, for Saul Kimble.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

This matter is before the Court on a motion for summary judgment filed by the plaintiff, Resure, Inc. ("Resure"). For the reasons which follow, the motion is granted.

### FACTS AND PROCEDURAL HISTORY

On July 16, 1993, a parked tanker truck exploded in Port Allen, Louisiana, destroying several nearby vehicles and releasing a plume of contaminants into the surrounding atmosphere. A chemical reaction inside the tank caused the explosion. The truck was owned by TMI Enterprise, Inc., and was, at the time of the explosion, leased to defendant Safeway Transportation, Inc. ("Safeway"). The truck had been previously leased to defendant Chemical Distributors, Inc. ("CDI"). The explosion was allegedly caused in part by CDI's failure to thoroughly clean the inside of the tank at the end of CDI's lease term.

As a result of the explosion, suits were filed in both state and federal court. At least two state court suits are pending in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana. Both of those suits seek damages for personal injuries suffered after being exposed to the released contaminants. Two federal court suits are pending in the Middle District of Louisiana. One of those suits seeks contribution for response costs incurred cleaning up the explosion site. The other suit is the one presently before the Court. In this suit, Resure, CDI's commercial general liability insurer, seeks a declaratory judgment that the facts of this case come within the policy's pollution exclusion clause, and that Resure is therefore not liable on the policy. Jurisdiction is invoked under 28 U.S.C. § 1332. Named as defendants are CDI, Safeway, Edward Buggage, Scott McCants, and Saul Kimble. Buggage, McCants, and Kimble are plaintiffs in the state court suits and have all named CDI as a defendant in those suits. Safeway has filed a third party-complaint against CDI in the other federal court suit. It appears from the record that Resure has

not been named as a defendant in any of these other lawsuits.

On October 31, 1995, Resure filed the motion for summary judgment now before the Court. CDI filed its opposition two days after the deadline for opposing the motion had passed, despite this Court having previously granted the defendants an extension of time in which to file oppositions. The other defendants filed oppositions adopting the arguments advanced by CDI. The Court will consider CDI's arguments despite CDI's failure to timely file its opposition.

## SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [1]

## ANALYSIS

The parties generally agree as to the facts and circumstances surrounding the explosion. What is disputed is whether Louisiana or New Mexico law governs, and whether the pollution exclusion clause is so unambiguous as to make this case appropriate for summary judgment.

### A. Choice of Law

■ Resure argues that New Mexico law should govern this dispute. In support, Resure points out that CDI is a New Mexico corporation, and that the insurance policy was negotiated and delivered in New Mexico. Resure then argues that "if the law of the place of 'accident' is applied to a multi-state trucking company [like CDI], neither it nor its insurer have any means of negotiating required coverage for the insured with any

degree of certainty." [2] Resure also makes the related argument that application of the law of the place of the accident could result in inconsistent results from state to state. The defendants do not argue that Louisiana law should govern this dispute, but instead argue that regardless of whose law applies, summary judgment is inappropriate.

*Klaxon Co. v. Stentor Electric Manufacturing Co.* [3] requires the Court to apply Louisiana's choice-of-laws provisions. Applying Louisiana Civil Code articles 3515 and 3537, the Court finds that New Mexico law must govern this dispute. When confronted with similar cases, Louisiana courts consistently apply the law of the state in which the insurance policy was executed. [4]

### B. The Pollution Exclusion Clause

The Resure policy insures against claims for "bodily injury" and "property damage." "Bodily injury" is defined as "bodily injury, sickness or disease sustained by any person." "Property damage" is defined as "physical injury to or destruction of tangible property . . . including the loss of use thereof . . . or loss of use of tangible property which has not been physically injured or destroyed."

The disputed clause in the insurance policy reads as follows:

This insurance does not apply . . . to "bodily injury" or "property damage" (including the loss of the use thereof) caused by, contributed to or arising out of the actual or threatened discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants into or upon the land the atmosphere or any course or body of water, whether above or below ground.

---

**1.** See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1560 (5th Cir.1992).

**2.** Pl.'s Mem. In Supp. of Mot. for Summ.J. at 7.

**3.** 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941).

**4.** See Partin v. Dolby, 652 So.2d 670, 674 (La. App. 1st Cir.1995); Holcomb v. Universal Ins. Co., 640 So.2d 718, 722 (La.App. 3d Cir.), writ denied, 644 So.2d 643 (1994); Levy v. Jackson, 612 So.2d 894, 897 (La.App. 4th Cir.1993).

It is understood and agreed that the intent and effect of this exclusion is to delete from any and all coverage afforded by this policy and [sic] claim, action, judgment, liability, settlement, defense or expense (including any loss, cost or expense arising out of any governmental direction or request that the "insured" test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants) in any way arising out of such actual or threatened discharge, dispersal, release or escape, whether such results from the "insured" activities or the activities of others and weather [sic] or not such is sudden or gradual and whether or not such is accidental, intended, foreseeable, expected, fortuitous or inevitable and wherever such occurs.

Resure argues that the clause is unambiguous and that its application to the facts is clear. The defendants do not argue that the language of the clause is ambiguous, nor do they argue that a literal reading of the clause renders the policy inapplicable to the facts of this case. They instead argue that based on the history of pollution exclusion clauses, it is unclear whether this clause applies to these facts. The defendants contend that pollution exclusion clauses are generally directed at the insured's own polluting activities. They point out that the July 16 explosion did not result from CDI's own polluting activities, and thus conclude that it is unclear whether the clause applies in this case.

■ This argument is without merit. The second paragraph of the clause expressly states that this particular exclusion applies regardless of whether the discharge results from the insured's activities or from the activities of others.[5] Turning to the individual claims levied against CDI, Buggage and McCants allege that "as a result of the explosion, [they] breathed in air contaminated with the chemicals in the trailer and sustained personal injury."[6] Similarly, Kimble alleges that he suffered respiratory ailments as a result of "the release of gases, fumes and chemicals which invaded his body."[7] These allegations clearly come within the policy exclusion for bodily injury caused by or arising out of the discharge, dispersal, release or escape of toxic chemicals into the atmosphere. Kimble also alleges he "further suffered damages to his motor vehicle,"[8] though it is unclear whether the damage was caused by the explosion itself or by the released pollutants. In either event, this claim clearly comes within the exclusion for property damage caused by or arising out of the discharge, dispersal, release or escape of toxic chemicals into the atmosphere.

■ In order to evaluate Safeway's third-party complaint filed against CDI in the other federal court lawsuit, it is necessary to consider the numerous theories of recovery asserted by Uniroyal against Safeway.[9] Without going into detail, the Court is satis-

---

5. Also, as previously noted, related litigation is pending before this Court. The Court in that case has already found a similar pollution exclusion clause to be unambiguous and applicable regardless of the manner in which the accident arose. Uniroyal Chem. Co. v. Deltech Corp., No. 93–998 (M.D.La. Dec. 27, 1995) (granting the defendant insurer's motion for summary judgment). *See also Bituminous Casualty Corp. v. Kenworthy Oil Co.*, 912 F.Supp. 238, 240–41 (W.D.Tex.1996).

6. Pet. For Damages at 3, Buggage v. TMI Enters., Inc., No. 26066 (La. 18th J.D.C.).

7. Pet. at 3, Kimble v. Safeway Transp., Inc., No. 26065 (La. 18th J.D.C.).

8. Pet. at 3, Kimble v. Safeway Transp., Inc., No. 26065 (La. 18th J.D.C.).

9. Uniroyal seeks compensatory damages from Safeway under the following theories of recovery: The Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C.A. § 9601–9675 (West 1995); The Louisiana Hazardous Materials Transportation and Motor Carrier Safety Law, La.R.S. 32:1501– :1521 (West 1989 & Supp.1996); *negotiorum gestio;* unjust enrichment; general tort law; and general agency law. Uniroyal also seeks punitive damages under Louisiana Civil Code article 2315.3, although the policy contains a punitive damages exclusion clause that would likely absolve Resure of any liability for punitive damages, regardless of the effect of the pollution exclusion clause.

fied that these various theories of recovery all come within the Resure policy pollution exclusion clause. The Court also notes that to the extent CDI is found liable for response costs incurred cleaning up the explosion site, those costs are likely not "bodily injury" or "property damage" within the meaning of the policy.[10]

The defendants next argue that summary judgment is inappropriate because Resure has failed to address the potential impact of New Mexico's doctrine of reasonable expectations. That doctrine holds that "if the language of the [insurance] policy is such that a layman could not understand its full impact, the policy expectations of the insured." [11] The rationale for the doctrine is that "the insured most often is a layman, the average man or woman on the street, who is not a college graduate or a student of insurance law.... They cannot, ordinarily, read and understand the complex, complicated and intricate provisions of an insurance policy...." [12]

 The Court finds that the doctrine of reasonable expectations plays no part in interpreting the pollution exclusion clause at issue. The doctrine is intended to protect unsophisticated laymen, and hence it probably has little application in the business insurance context. Even if it is appropriate to apply the doctrine in certain business settings, it should not be applied here, since Jerry Wood, President and Chief Executive Office of CDI since 1986, personally participated in procuring the policy issued by Resure to CDI. Finally, the doctrine should not be invoked to create an ambiguity in an otherwise unambiguous policy provision.[13]

The Court therefore finds that the facts of this case fall within the policy's pollution exclusion clause, and that Resure is entitled to summary judgment as a matter of fact and law.

## C. Reimbursement of Defense Costs

 After being informed of the first lawsuit filed against CDI, Resure retained an attorney to defend CDI's interests. However, Resure had serious doubts whether CDI was entitled to coverage under the policy. Accordingly, in a letter dated September 9, 1994, Resure reserved all its rights under the policy, including its right to reimbursement of any costs of defense. Pursuant to that reservation, Resure now seeks reimbursement for its costs of defense, including all attorney fees paid by it. The defendants have not addressed this issue in their opposition memorandums.

Resure timely reserved its rights under the policy. That reservation specifically referred to the possibility that Resure might seek reimbursement for any and all costs of defense. There is nothing in the record to suggest CDI objected to the reservation. Accordingly, Resure is entitled to reimbursement for all costs of defense.

Therefore:

**IT IS ORDERED** that the plaintiff's motion for summary judgment be and it is hereby **GRANTED.**

Judgment shall be entered dismissing this suit with prejudice.

---

10. Also in the other federal court lawsuit, Union America has intervened as the insurer of Enercon Trucking, Inc. ("Enercon"), which owned seven trailer units that were destroyed by the explosion. Union America paid Enercon's claim, then intervened as plaintiff and named CDI as a defendant. Although Union America is not a party to the case presently before the Court, the Court notes that Union America's claims would certainly come within the Resure policy exclusion for property damage caused by or arising out of the discharge, dispersal, release or escape of toxic chemicals into the atmosphere.

11. *Davison v. Business Men's Assurance Co. of Am.,* 85 N.M. 796, 518 P.2d 776, 778 (1974). *See also Pribble v. Aetna Life Ins. Co.,* 84 N.M. 211, 501 P.2d 255, 260 (1972).

12. *Read v. Western Farm Bureau Mut. Ins. Co.,* 90 N.M. 369, 563 P.2d 1162, 1166 (Ct.App.1977).

13. *See Davison,* 518 P.2d at 778–79.