J1GAUDIN, Judge.
This is an appeal from the granting of a motion for summary judgment. The judgment in the 24th Judicial District Court in effect dismissed petitioner Joy Valenti’s malpractice claims against Dr. Frederick Pet-mecky because of a binding arbitration clause in an earlier contract entered into between Valenti and Dr. George Farber.
Motions for summary judgment are appropriate when the pleadings, etc. show that there is no genuine issue of material fact and that the mover, either plaintiff or defendant, is entitled to judgment as a matter of law. Here, the record indicates that there are triable issues and that summary judgment was incorrect. We set aside the judgment of October 11, 1994 and we remand for further proceedings.
Valenti engaged Dr. Farber and “his professional corporation or partnership” on March 13, 1992 and signed an agreement contract which provided for arbitration rather than a regular lawsuit.
Dr. Farber treated Valenti for an allergy. She received medicine and shots. Later, Dr. Farber referred Valenti to Dr. Petmecky who, on August 31, 1992, performed facial surgery for correction of a deviated septum, removal of eyelid fat, liposuction of Valenti’s jowls and a chin implant.
Valenti contends that when she saw Dr. Farber on March 13, 1992 [ 2and executed the agreement contract, she anticipated conservative treatment only for an allergy. She neither planned nor contemplated the surgery Dr. Petmecky performed over six months later. Valenti stated that “... the arbitration agreement was signed for a different doctor for entirely different treatment ...” Before the surgery, Valenti was not asked to sign any other contract or agreement.
Valenti’s petition in the 24th Judicial District Court asks that medical review panel be appointed to consider malpractice claims against Dr. Petmecky. The motion for summary judgment relies on the arbitration language in the March 13,1992 contract.
Whether the terms of the March 13, 1992 agreement can be applied to later, more serious and very different medical treatment (surgery) is an issue precluding summary *2 judgment, even assuming (and we do not here so find) that Dr. Petmecky was in fact a “substitute physician” as called for in the agreement. Valenti has placed in dispute Dr. Petmeeky’s relationship with Dr. Farber and his (Farber’s) corporation or partnership, the Burks-Farber Clinic.
Further, Valenti argues that the March 13, 1992 agreement is a contract of adhesion, prepared by a party of superior bargaining power for adherence or rejection by the weaker party, and that the terms should be interpreted against Dr. Farber and his corporation or partnership.
For these reasons, Valenti’s allegations cannot be summarily rejected. Assessment of costs is pretermitted.
SUMMARY JUDGMENT SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.