701 So.2d 1038 (1997)
SHELL OIL COMPANY
v.
HOLLYWOOD MARINE, INC.
Nos. 97-CA-106, 97-CA-611.
Court of Appeal of Louisiana, Fifth Circuit.
October 15, 1997.
S. Gene Fendler, Don K. Haycraft, Steven P. Crowther, New Orleans, for Plaintiff/Appellant Shell Oil Company.
Jeffrey Raines, Sacks & Raines, Metairie, Earl S. Eichin, Jr., I. Matthew Williamson, O'Neil, Eichin, Miller, Saporito & Harris, New Orleans, for Defendant/Appellee Hollywood Marine, Inc.
Before GAUDIN, BOWES and GOTHARD, JJ.
BOWES, Judge.
Plaintiff, Shell Oil Company (hereinafter "Shell"), in this consolidated appeal, challenges a grant of summary judgment in favor of defendant, Hollywood Marine, Inc. (hereinafter "Hollywood"), dismissing Shell's suit against Hollywood, and a grant of summary judgment in favor of the comprehensive liability insurers of Hollywood (hereinafter collectively referred to as "C.G.L. Underwriters"), dismissing Shell's suit against them. For the following reasons, we affirm the decision of the trial court granting the summary judgment in favor of C.G.L. Underwriters.
We further find that the issue of the correctness of the summary judgment in favor of Hollywood in matter No. 97-CA-106 has now been rendered moot; thus we decline to address it.
This litigation originally arose from a personal injury claim against Shell by Harold Manuel, an employee of Hollywood. Manuel filed suit against Shell in April of 1988 for injuries sustained while working as a tanker man loading Hollywood's chemical barges with benzene at Shell's Norco facility. By judgment of the trial court rendered on November 10, 1993 and amended on February 2, 1994, Shell was found to be 100% at fault in the cause of Manuel's injuries. This judgment was affirmed by this Court on appeal. Manuel v. Shell Oil Co., 94-590 (La.App. 5 Cir. 10/18/95), 664 So.2d 470, writ denied, 96-0141 (La.3/8/96), 669 So.2d 397.
On March 9, 1993, while Manuel's suit against Shell was still pending, Shell instituted this claim against Hollywood and its insurers, C.G.L. Underwriters, seeking indemnity and insurance coverage. In its petition, Shell alleges that it and Hollywood entered into a Marine Affreightment-Barging Contract, in which Hollywood agreed to "indemnify *1039 Shell for injury in the performance of the contract with the sole exception where Shell would be solely negligent."
The contract also provided that Hollywood maintain certain insurance policies naming Shell as an additional insured. Shell alleged that Hollywood refused to provide such indemnity and coverage, contrary to the terms of their contract.
After Hollywood answered, Shell amended its petition to include a claim for breach of duty alleging that Hollywood failed to timely notify C.G.L. Underwriters of Shell's claim.
The judgment finding Shell to be 100% at fault was affirmed by this Court on February 2, 1994, Subsequently, on August 4, 1994, Hollywood filed its answer to the claims made by Shell. In its answer, Hollywood alleged that the indemnity provisions of the contract did not apply because Shell was found to be solely liable for Manuel's injuries. Hollywood further averred that it had taken the required insurance policies and had made Shell a named insured on these policies. Accordingly, it requested that Shell's petition be dismissed.
Hollywood included in the answer a third-party demand against C.G.L. insurers. In this demand, Hollywood alleges that, should it be cast in judgment against Shell, it is entitled to indemnity and coverage under the policies of insurance issued by C.G.L. Insurers. Hollywood further stated that it provided notice of claim to C.G.L. Insurers on March 21, 1993, shortly after service of Shell's suit. On October 4, 1994, Shell amended its petition to name C.G.L. Insurers as a defendant, alleging that it (Shell) was a named insured under the policies issued by C.G.L. Insurers to Hollywood.
On February 23, 1995, C.G.L. Insurers filed its answer, asserting that coverage was excluded because the policy provisions were violated by the insured's failure to provide timely notice and because coverage was excluded under the "pollution" exclusions contained in the policy.
Hollywood filed a motion for summary judgment, which was granted, without reasons, by the trial court. Shell appealed from that judgment. That appeal was lodged in this Court and designated as 97-CA-106 (this appeal).
C.G.L. Underwriters also filed a motion for summary judgment, alleging that coverage for the incident at issue was excluded by the "pollution exclusion" clause in the policy. That motion for summary judgment was granted, with reasons, by the trial court. Shell has appealed from that judgment as well. That appeal was lodged in this Court and designated as 97-CA-611 (also this consolidated appeal). The two appeals were consolidated for consideration.

ANALYSIS
A motion for summary judgment is appropriate when the pleadings, affidavits, depositions, etc. establishes that there is no genuine issue of material fact and that mover, either plaintiff or defendant, is entitled to judgment as a matter of law. La. C.C.P. art. 966; Valenti v. Petmecky, 95-718 (La.App. 5 Cir. 1/17/96), 669 So.2d 1.
In its first appeal, Shell alleges that the trial court erred in dismissing its claim for breach of duty against Hollywood. In the second appeal, Shell argues that the trial court erred in applying Texas law to interpret the contract of insurance between Hollywood and C.G.L. Underwriters (which named Shell as an additional insured), and finding that no coverage existed under the terms of the policy. Because the finding that no coverage exists makes moot the issue of whether timely notice of claim was given, we will first address the issues raised in Shell's second appeal.
The facts are not in dispute. The key issue is whether Texas law or Louisiana law should be applied to interpret the insurance contract at issue. The trial court found that Texas law should apply to cover this contractual dispute. Shell does not disagree that, if Texas law were to apply, the pollution exclusion is effective and no coverage exists. However, Shell argues that Louisiana law is applicable, and that the pollution exclusion provision, as defined by Louisiana law, does not defeat coverage. In this appeal, Shell alleges that the trial court erred in ruling *1040 that the laws of the state of Texas are applicable.
Choice of law provisions are set forth in our Civil Code, and provide guidance as to which states' law should apply. Relevant to choice of law issues in contract interpretation are the following provisions of the Code.
La. C.C. art. 3515 provides:
Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
La. C.C. art. 3537 provides:
Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.
In Sentilles Optical Services, Div. of Senasco, Inc. v. Phillips, 26,594 (La.App. 2 Cir. 3/1/95), 651 So.2d 395, the court noted that:
Enforcement of a conventional obligation is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. La. C.C. Art. 3537. Article 3537 lists factors for determining the state whose law should be applied, incorporating the factors also listed in the more general La. C.C. Art. 3515. The two articles are intended to be read together. See La. C.C. Art. 3537, Comment (c). The objective of the articles is to "identify the state whose policies would most seriously be impaired if its laws were not applied to [the] issue [to be resolved]." La. C.C. Arts. 3515 and 3537. This objective is achieved through an issue-specific analysis of the policies of each of the two states, the first step in which process is to identify the relevant policies of the laws in two states.
We agree with these views expressed in Sentilles, supra.
In this case, the trial court found that Texas was the state whose policies would be most seriously impaired if its laws were not applied to the issues in this case. More specifically, the trial court set forth the undisputed facts as follows:
The parties to the CGL policy are Hollywood, a Texas corporation with its principal place of business in Texas, and London underwriters. Trident Marine Managers, a Texas corporation with its principal place of business in Texas, acted on behalf of Hollywood in negotiating the terms of coverage and the premium. When coverage conditions were agreed to by London underwriters, Trident Marine Managers issued the policy evidencing coverage. The policy was delivered to Hollywood in Texas. The policy covers Hollywood's operations anywhere in the United States, including the Gulf of Mexico. Shell, an additional insured, is a Delaware Corporation with its principal place of business in Texas. Both Hollywood and Shell do business in Texas.
The contacts with Louisiana include the fact that Hollywood and Shell did business here and Manuel was injured in Louisiana. However, Manuel has no interest in *1041 which law applies since his judgment has been satisfied by Shell.
Applying these facts to the relevant law, the trial court found that:
The type of contract involved here is an insurance contract. Texas clearly has a legitimate interest in regulating insurance contracts delivered to and insuring activities of Texas businesses. See Texas Ins. Code Ann. Art. 21.42 (1981). Louisiana has no such interest.
We agree with the trial court. Texas has a compelling interest is regulating insurance policies contracted for in Texas and issued to companies doing business in Texas. Although, the injury occurred in Louisiana, the injured party has been compensated and his judgment against Shell satisfied, and accordingly he has no interest in the outcome of this proceeding. Louisiana's interest arises only because a Delaware corporation, with its principal place of business in Texas, seeks indemnity under a policy of insurance issued in Texas to recover payment it made to recompense for damages it caused to a Louisiana citizen. We do not believe that this interest is sufficient to override the compelling interest Texas has in regulating insurance contracts written in Texas and issued to Texas companies. Accordingly, we hold that Texas law should be applied in this instance.
The same result was reached by our brethren in the Third Circuit in the case of Holcomb v. Universal Ins. Co., 93-1424 (La.App. 3 Cir. 6/1/94), 640 So.2d 718, writ denied, 94-1740 (La.10/7/94), 644 So.2d 643. That case involved an automobile accident which occurred in Louisiana between Arkansas plaintiffs and Louisiana defendants. After settling with the defendants and their insurer, the Arkansas plaintiffs sought coverage for uninsured motorists under their own Arkansas policy. In finding that Arkansas law would be controlling in this instance, the Third Circuit court stated that:
The action under consideration herein is likewise a matter of contract interpretation. The insurance policy herein was entered into between an Arkansas insurance company (Universal) and an Arkansas resident/domiciliary (Bradshaw) to provide coverage on a vehicle registered, titled and garaged in Arkansas. That policy is being sued on by other Arkansas residents/domiciliaries seeking coverage under that contract (policy) for damages they allegedly sustained. The only Louisiana contacts are the heretofore released tortfeasor and the site of the accident. Neither is relevant to the issues to be decided herein. No Louisiana resident or company is a party to this action; and, inasmuch as a complete release has been executed in favor of all Louisiana parties, the outcome of this action will not affect any policy or party in this state.
A similar situation exists here. Currently, no Louisiana resident or company is a party to this action, inasmuch as the injured Louisiana resident has been compensated and is no longer a party to this suit. The remaining parties are a Texas corporation (Hollywood), a London insurer (C.G.L.) and a Delaware corporation with its principal place of business in Texas. The outcome of this action does not affect any policy or party in Louisiana.
See also Gill v. Matlack, 94-2546 (La. App. 1 Cir. 10/6/95), 671 So.2d 395; Levy v. Jackson, 612 So.2d 894 (La.App. 4 Cir.1993); Resure, Inc. v. Chemical Distributors, Inc. 927 F.Supp. 190 (M.D.La.1996), aff'd, 114 F.3d 1184 (5 Cir.1997).
We, therefore, hold that the trial court was correct and did not err in finding that Texas law was applicable to this contractual dispute.
Having found that Texas law was applicable, the trial judge then ruled that "the absolute pollution exclusion contained in Hollywood's policy is unambiguous and excludes coverage for Shell." Shell does not challenge this ruling. Accordingly we hold that the trial court was also correct and did not err in granting summary judgment in favor of C.G.L., thereby dismissing them from the suit.
Shell has also appealed from the trial court's judgment which granted summary judgment in favor of Hollywood, dismissing Shell's allegation that Hollywood's failure to timely notify C.G.L. of Shell's claim constituted a breach of duty. We find that this *1042 issue is moot, inasmuch as the policy issued by C.G.L. affords no coverage for Shell's claim, whether timely noticed or not.
For the above discussed reasons, the decision of the trial court granting summary judgment in favor of C.G.L., dismissing Shell's claim against it, which is on appeal in 97-CA-611 is affirmed. The appeal of the decision of the trial court dismissing Shell's suit against Hollywood, is moot.
97-CA-611 AFFIRMED; 97-CA-106 RENDERED MOOT.