STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 05-1064


IN RE:  EDC CONTRACTOR INSURANCE LITIGATION


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 98-1984,
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE


************


**MICHAEL G. SULLIVAN**
**JUDGE**


************


Court composed of Oswald A. Decuir, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**WRIT DENIED.**

George B. Hall, Jr.
Stephen Porter Hall
Marian T. Harrison
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
(504) 566-1311
Counsel for Applicant:
        Liberty Mutual Insurance Company

Allen J. Mitchell, II
Mitchell & Blanco
One Lakeshore Drive, Suite 1135
Lake Charles, Louisiana  70629
(337) 436-8686
Counsel for Applicant:
        Liberty Mutual Insurance Company

John Ellison
Richard P. Lewis
Anderson, Kill & Olick
1600 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
(215) 568-4710
Counsel for Respondent:
 ConocoPhillips Company

George Andrew Veazey
Huval, Veazey, Felder & Aertker
Post Office Box 80948
Lafayette, Louisiana 70598-0948
(337) 234-5350
Counsel for Respondent:
 ConocoPhillips Company

Joseph L. McReynolds
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, Louisiana 70130-3672
(504) 581-5141
Counsel for Respondents:
 New York Marine
 Somerset Insurance Company
 Boston Old Colony Insurance Company
 Reliance Insurance Company
 General Insurance Company

Arthur W. Landry
Plauche`, Maselli, Parkerson, LLP
201 St. Charles Avenue, Suite 4240
New Orleans, Louisiana 70170
(504) 582-1142
Counsel for Defendant:
 American Motorists Insurance Company

William T. McCall
Guillory & McCall
901 Lake Shore Drive, Suite 836
Lake Charles, Louisiana 70602
(337) 433-9996
Counsel for Respondent:
 Westchester Surplus Lines Insurance Co.

James R. Nieset
Plauche, Smith, & Nieset
Post Office Drawer 1705
Lake Charles, Louisiana 70602
(337) 436-0522
Counsel for Respondent:
 General Star Indemnity Co.

**Charles R. Talley**
**Lemle & Kelleher**
**601 Poydras Street, 21st Floor**
**New Orleans, Louisiana 70130-6097**
**(504) 586-1241**
**Counsel for Respondent:**
  **Sphere Drake Insurance Co.**

**Michael J. Vondenstein**
**Attorney at Law**
**One Galleria Blvd., Suite 1400**
**Metairie, Louisiana 70002**
**(504) 836-6500**
**Counsel for Respondent:**
  **North American Specialty Insurance Company**

**John Hatch Hughes**
**Allen & Gooch**
**Post Office Box 3768**
**Lafayette, Louisiana 70502-3768**
**(337) 291-1290**
**Counsel for Respondent:**
  **Texas Property & Casualty Insurance Guaranty Association**

**Anna R. Gray**
**The Gray Law Firm**
**Post Office Box 1467**
**Lake Charles, Louisiana 70602**
**(337) 494-0694**
**Counsel for Respondent:**
  **Professional Industrial Maintenance**

**John William Hite, III**
**Salley, Hite, Rivera & Mercer**
**365 Canal Street, Suite 1710**
**New Orleans, Louisiana 70130**
**(504) 566-8802**
**Counsel for Respondent:**
  **United National Insurance Co.**

**James J. Hautot, Jr.**
**Judice & Adley**
**Post Office Drawer 51769**
**Lafayette, Louisiana 70503**
**(337) 235-2405**
**Counsel for Respondent:**
  **American Indemnity Company**

**Gregory Edgar Bodin**
**Taylor, Porter, Brooks**
**Post Office Box 2471**
**Baton Rouge, Louisiana 70821**
**(225) 387-3221**
**Counsel for Respondent:**
  **Hawley Insurance Company**

**Melvin Alan Eiden**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, Suite 210**
**Lafayette, Louisiana 70503**
**(337) 981-0309**
**Counsel for Respondent:**
      **Scottsdale Insurance Company**

**David Perry Salley**
**Salley, Hite, Rivera & Mercer**
**3753 Perkins Road, Suite 5**
**Baton Rouge, Louisiana 70808**
**(225) 379-3133**
**Counsel for Respondent:**
      **Zurich American Insurance Company**

**Timothy Patrick Farrelly**
**Hailey, McNamara**
**Post Office Box 8288**
**Metairie, Louisiana 70011-8288**
**(504) 836-6500**
**Counsel for Respondent:**
      **North American Specialty Insurance Company**

**Marshall Joseph Simien, Jr.**
**Simien Law Firm**
**One Lakeshore Drive, Suite 1110**
**Lake Charles, Louisiana 70629**
**(337) 497-0022**
**Counsel for Respondent:**
      **National Union Fire Insurance Company of Pittsburgh**
      **Commerce & Industry Insurance Company**
      **American International Specialty Lines Insurance Company**
      **Lexington Insurance Company**

**Todd Michael Ammons**
**Stockwell, Sievert**
**Post Office Box 2900**
**Lake Charles, Louisiana 70602**
**(337) 436-9491**
**Counsel for Respondent:**
      **Homestead Insurance Company**

**William James Kelly, III**
**Adams & Reese**
**4500 One Shell Square**
**New Orleans, Louisiana 70139**
**(504) 581-3234**
**Counsel for Respondent:**
      **Valley Forge Insurance Company**
      **CNA-A Stock Insurance Company**
      **Transcontinental Insurance Company**
      **CNA-Transportation Insurance Company**
      **Continental Casualty Company**

**Joshua Simon Force**
**Sher, Garner, Cahill**
**5353 Essen Lane, Suite 650**
**Baton Rouge, Louisiana 70809**
**(225) 757-2185**
**Counsel for Respondent:**
      **Colonial Insurance Company**

**Samuel Bryan Gabb**
**Lundy & Davis**
**Post Office Box 3010**
**Lake Charles, Louisiana 70602**
**(337) 439-0707**
**Counsel for Respondent:**
      **Transco Syndicate #1 Ltd.**
      **Reliance Insurance Company**
      **Louisiana Insurance Guaranty Assoc.**

**Erin Fury Parkinson**
**McGlinchey, Stafford, & Lang**
**643 Magazine Street**
**New Orleans, Louisiana 70130**
**(504) 586-1200**
**Counsel for Respondent:**
      **American International Specialty Lines Insurance Company**
      **Lexington Insurance Company**
      **Commerce & Industry Insurance Company**
      **National Union Fire Insurance Company of Pittsburgh**

**Kelly Cambre Bogart**
**Attorney at Law**
**3838 N. Causeway Blvd., Suite 2900**
**Metairie, Louisiana 70002**
**(504) 589-4307**
**Counsel for Respondent:**
      **Pacific Insurance Company**

**Pamela J. Lormand**
**Preston & Cowan**
**909 Poydras Street, Suite 2400**
**New Orleans, Louisiana 70112**
**(504) 527-0680**
**Counsel for Respondent:**
      **Highlands Insurance Company**

**Erin McGonagle**
**Jackson & Campbell**
**1120 20th NW, Suite 300 South**
**Washington, DC 20036**
**(202) 457-1600**
**Counsel for Respondent:**
      **Commerce & Industry Insurance Company**
      **Lexington Insurance Company**
      **National Union Fire Ins. Company of Pittsburgh**
      **American International Specialty Lines Insurance Company**

**Richard W. Bryan**
**Jackson & Campbell**
**1120 20th Street, NW, South Tower**
**Washington, DC  20036**
**(202) 457-1600**
**Counsel for Respondent:**
> **National Union Fire Insurance Company of Pittsburgh**
> **Commerce & Industry Insurance Company**
> **American International Specialty Lines Insurance Company**
> **Lexington Insurance Company**

**Sheila R. Caudle**
**Ross, Dixon & Bell**
**2001 K Street, N.W.**
**Washington, DC 20006-1040**
**(202) 662-2000**
**Counsel for Respondent:**
> **Transcontinental Insurance Company**
> **Continental Casualty Company**
> **Valley Forge Insurance Company**
> **CNA-A Stock Insurance Company**
> **CNA-Transportation Insurance Company**

SULLIVAN, Judge.

At issue in this writ application is whether the trial court properly denied summary judgment sought by Liberty Mutual Insurance Company (Liberty Mutual) regarding a commercial general liability (CGL) policy it issued to S & B Engineers & Constructors, Ltd. (S & B). For the following reasons, we deny the writ.

### Facts

In the mid-1990's, Conoco discovered that ethylene dichloride (EDC) had been discharged on its premises. As a result of the EDC discharge, Conoco contracted with S & B and numerous other contractors to recover the discharged EDC and to remediate EDC-damaged property at their Westlake, Louisiana site. Conoco's contract with S & B is dated October 7, 1994. Pursuant to their contracts with Conoco, S & B and the other contractors were obligated to maintain CGL policies which provided $1 million in liability coverage and named Conoco as an "additional assured." Liberty Mutual sold S & B two CGL policies dated January 1, 1994 and January 1, 1995, which contained blanket additional insured endorsements that provide additional insured coverage to Conoco.

After working at Conoco's site, employees of many of Conoco's EDC contractors filed suit against Conoco, seeking damages for injuries they allegedly suffered as a result of being exposed to EDC. Conoco settled the employees' claims, then filed this suit, contending that Liberty Mutual's policies provide coverage for the employees' claims.

Liberty Mutual filed a motion for partial summary judgment, seeking a declaratory judgment that Texas law governs the interpretation of its policies and that, pursuant to Texas law, the total pollution exclusions contained in the two policies exclude coverage for Conoco in the underlying lawsuits. In opposition, Conoco

argued that Louisiana law, which may result in coverage for the underlying lawsuits, should be applied to interpret the policy. After a hearing, the trial court denied the motion. Liberty Mutual urges in this writ application that the trial court erred in denying its motion.

### *Summary Judgment*

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

Appellate courts review motions for summary judgments *de novo*, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a

2

litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v.*

*Garrett,* 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

## *Discussion*

Liberty Mutual maintains that the choice of law analysis provided in the

Louisiana Civil Code mandates that Texas law be applied to the interpretation of its

policies and that, pursuant to Texas law, the total pollution exclusion contained in

those policies excludes coverage for Conoco's demands against it. Articles 3515 and

3537 of the Louisiana Civil Code are at issue here. Article 3515 provides:

> Except as otherwise provided in this Book, an issue in a case
> having contacts with other states is governed by the law of the state
> whose policies would be most seriously impaired if its law were not
> applied to that issue.

> That state is determined by evaluating the strength and pertinence
> of the relevant policies of all involved states in the light of: (1) the
> relationship of each state to the parties and the dispute; and (2) the
> policies and needs of the interstate and international systems, including
> the policies of upholding the justified expectations of parties and of
> minimizing the adverse consequences that might follow from subjecting
> a party to the law of more than one state.

Article 3537 states:

> Except as otherwise provided in this Title, an issue of
> conventional obligations is governed by the law of the state whose
> policies would be most seriously impaired if its law were not applied to
> that issue.

> That state is determined by evaluating the strength and pertinence
> of the relevant policies of the involved states in the light of: (1) the
> pertinent contacts of each state to the parties and the transaction,
> including the place of negotiation, formation, and performance of the
> contract, the location of the object of the contract, and the place of
> domicile, habitual residence, or business of the parties; (2) the nature,
> type, and purpose of the contract; and (3) the policies referred to in
> Article 3515, as well as the policies of facilitating the orderly planning
> of transactions, of promoting multistate commercial intercourse, and of
> protecting one party from undue imposition by the other.

Liberty Mutual argues that these conflict of law articles and the jurisprudence interpreting them mandate a conclusion that Texas law governs the interpretation of its policies. It outlines the factors which it contends require application of Texas law:

1) S & B is located in Houston, Texas;

2) the Liberty Mutual office which sold the two policies at issue is located in Houston, Texas; and

3) the Liberty Mutual polices at issue were negotiated, executed, issued, and delivered in Texas.

Liberty Mutual cites a number of cases in which various Louisiana courts have considered similar choice of law conflicts and determined that the law of the state where the insurer and the insured were located and the policies were sold and delivered governed interpretation of the contracts. *See Murden v. Acands, Inc.*, 04-2122, 05-319 (La. 12/14/05), 921 So.2d 165*; Harrison v. R.R. Morrison & Son, Inc.*, 37,992 (La.App. 2 Cir. 12/10/03), 862 So.2d 1065, *writ denied* 04-101 (La. 3/19/04), 869 So.2d 857; *Norfolk S. Corp. v. Ca. Union Ins. Co.,* 02-369, 02-371, 02-372 (La.App. 1 Cir. 9/12/03), 859 So.2d 167, *writ denied*, 03-2742 (La. 12/19/03), 861 So.2d 579; *Shell Oil Co. v. Hollywood Marine, Inc.*, 97-106, 97-611 (La.App. 5 Cir. 10/15/97), 701 So.2d 1038; and *Holcomb v. Universal Ins. Co.,* 93-1424 (La.App. 3 Cir. 6/1/94), 640 So.2d 718, *writ denied*, 94-1740 (La. 10/7/94), 644 So.2d 643. *See also Resure, Inc. v. Chem. Distrib., Inc.*, 927 F. Supp. 190 (M.D. La. 1996), *aff'd* 114 F.3d 1184 (5th Cir. 1997), *cert. denied,* 523 U.S. 1072, 118 S.Ct. 1511 (1998).

Conoco makes a number of arguments against summary judgment and why Louisiana law should be applied to the interpretation of Liberty Mutual's policies. One of those arguments is that summary judgment is premature at this time because

4

additional discovery is necessary before an adequate conflict-of-laws analysis can be made.

An analysis under Articles 3515 and 3537 is fact intensive. Liberty Mutual relies on Article 3537, which identifies numerous factors that must be considered in an analysis thereunder: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

Liberty Mutual filed its motion for partial summary judgment on April 25, 2005. Conoco filed its opposition to the motion of June 20, 2005, arguing in part that Liberty Mutual's motion was not supported by admissible evidence. On July 1, 2005, Liberty Mutual filed a supplemental memorandum in support of its motion to which it attached an affidavit executed by Richard Ruse, the agent who sold S & B its policy. Mr. Ruse stated that he negotiated and handled the issuance of the policies Liberty Mutual sold to S & B which are at issue here and that all actions regarding S & B's purchase of those policies, i.e., negotiations, issuance, and delivery occurred in Houston, Texas. In many respects, his statements were non-specific and self-serving; they essentially tracked the factors enumerated in Article 3537.

One of Conoco's arguments to the trial court was that it had outstanding discovery, including a motion to compel discovery and a request for a corporate deposition of Liberty Mutual, which needed to be completed before Liberty Mutual's

5

motion should be considered. In its reasons for judgment, the trial court identified the need for additional discovery as one reason for denying summary judgment. Shortly thereafter, Conoco continued its attempts to depose Liberty Mutual representatives; however, Liberty Mutual refused the requested discovery because of this pending writ application.

Initially, we observe that Richard Ruse's affidavit was not filed fifteen days before the hearing as required by La.Code Civ. P. art. 966(A). More importantly, the affidavit does not detail what the "negotiations" between S & B and Liberty Mutual involved. Did S & B simply request a CGL policy with an blanket additional insured provision or did representatives of both companies negotiate back and forth regarding specific coverage provisions and exclusions to be included in the policies? Was the additional insured endorsement negotiated between S & B and Liberty Mutual or did S & B simply request the endorsement with no discussion at all? Did S & B question the application of the additional insured endorsement regarding contracts it performed outside the state of Texas? We find this important as S & B is in the business of remediating hazardous waste sites and the companies with which it contracts for these services may often require additional insured endorsements. Additionally, as noted by the trial judge, was the premium charged for the additional insured endorsement a flat rate premium or was it calculated based on factors which are pertinent to the issues here?

We have considered the numerous cases cited by Liberty Mutual which indicate it would be appropriate to apply Texas law to the insurance coverage issues presented here. However, there is no discussion in those cases of the specific facts outlined above which we believe are pertinent to a choice of law analysis of the

factors here. We cannot tell from the discussions in those cases whether there was extensive discovery concerning the negotiation and issuance of the policies, whether the negotiations for the issuance of the policies were detailed, or whether a simple request for a policy was submitted by the insured to its insurer.

Mr. Ruse's affidavit and Liberty Mutual's policies do not allow for a complete and adequate analysis of the factors and policies enumerated in Articles 3515 and 3537. Consequently, Liberty Mutual has not established that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966 (A)(2).

### *Disposition*

There was no error in the trial court's ruling.

**WRIT DENIED.**