**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-31051

LARRY GROOVER; AMBER LEE WELLS, natural guardian and mother of
Brianna Sadie Nicole; LAURA CRISTINA MARCADO, natural guardian and
mother of Matthew Gabriel Nickolas,

　　　　　　　　　　　　　　　　　Plaintiffs–Appellants,

v.

SCOTTSDALE INSURANCE COMPANY; OMNI PINNACLE LLC; CAHABA
DISASTER RECOVERY LLC,

　　　　　　　　　　　　　　　　　Defendants–Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before HIGGINBOTHAM and STEWART, Circuit Judges, and ENGELHARDT,
District Judge.*

KURT ENGELHARDT, District Judge:

　　Larry Groover and the guardians of decedent Chad Groover's minor
children (collectively the "Groovers") appeal the district court's summary
judgment order dismissing their tort claims against Omni Pinnacle, LLC (Omni)
and Cahaba Disaster Recovery, LLC (Cahaba). Because we hold that the

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

Louisiana workers' compensation scheme shielded Omni and Cahaba from tort liability, we affirm.

## I

Shortly after Hurricanes Katrina and Rita, St. Tammany Parish (St. Tammany) entered into a contract with Omni to provide all labor and materials for various types of debris removal and disposal. Omni in turn subcontracted with Cahaba for private property demolition and debris removal. Cahaba then entered into a subcontract with Sure Form, Inc. (Sure Form) which included the removal of stumps, logs, and limbs. Sure Form hired Groover Tree Service (GTS) to cut down trees and branches.

Chad Groover, an employee of GTS, worked on the St. Tammany clean-up project. Groover was electrocuted and subsequently died from injuries sustained when a lift machine he was operating came into contact with a power line. The Groovers brought bystander, survival, and wrongful death actions against Omni, Cahaba, Sure Form, and their respective insurers. Omni and Cahaba brought motions for summary judgment on the ground that Groover's recovery was limited to workers' compensation. The district court agreed and granted summary judgment for Omni and Cahaba. The Groovers filed a notice of appeal, and the district court certified the order for appeal under Federal Rule of Civil Procedure 54(b).

## II

We review a district court's grant of summary judgment de novo, using the same standard as the district court.[1] Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2]

---

[1] *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

[2] FED. R. CIV. P. 56(c).

Under Louisiana law, a general contractor typically is required to pay workers' compensation to a subcontractor's employee who is injured on the job.[3] This scheme was adopted to prevent employers from circumventing the workers' compensation laws by interjecting intermediary entities between themselves and their workers.[4] Consequently, the general contractor is generally exempt from work-related tort liability to a subcontractor's employee.[5] General contractors so exempt are referred to as "statutory employers."[6]

A general contractor, or "principal," is a statutory employer when it "undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the 'contractor,' for the execution by or under the contractor of the whole or any part of the work undertaken by the principal."[7] Thus, the statute provides two alternative bases for liability: (1) when the principal undertakes work that is a part of his trade, occupation, or business by means of a contract with another, or (2) when the principal has contracted to perform work and subcontracts all or a portion of the work to another (the "two-contract" theory of the statutory employer defense).[8] The two-contract theory applies here since (1) the principal, Omni, was hired by St. Tammany to perform tree and debris removal; (2) Omni entered into a subcontract with Cahaba to perform the work; (3) Cahaba

---

[3] LA. REV. STAT. ANN. § 23:1061(A)(1).

[4] *See Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 02-1072, (La. 4/9/03); 842 So. 2d 373, 377.

[5] LA. REV. STAT. ANN. § 23:1032(A)(1)(a).

[6] LA. REV. STAT. ANN. § 23:1061(A)(1).

[7] *Id.*

[8] *See Allen*, 842 So. 2d at 378.

subcontracted with Sure Form; and (4) Sure Form subcontracted a portion of the work to Groover Tree Service.[9]

The Groovers do not dispute that the two-contract theory applies to successive subcontracts or that these relationships would normally give rise to the two-contract defense. Rather, they contend that the two-contract theory is inapplicable because Omni's contract with St. Tammany was not assignable under Louisiana Revised Statute section 39:1515.1 and by the terms of the contract.

The Groovers' arguments, however, rest on the faulty premise that Omni *assigned* the Parish contract. It did not. Omni's agreement with Cahaba was a subcontract, which was barred by neither statute nor contract.

Louisiana law provides that an assignment is a "species of sale."[10] A sale is defined as "a contract whereby a person transfers ownership of a thing to another for a price in money."[11] The plain language of Omni's contract with Cahaba indicates that it did not countenance a sale. Omni did not sell its interest in the contract to Cahaba, but instead agreed to pay Cahaba 75% of the proceeds received from St. Tammany in exchange for Cahaba's performance of the work under the contract. This arrangement is a classic subcontract, in which a general contractor, after having been hired by a third party to perform certain work, contracts with a "sub" to do all or part of the work contracted by the general.[12]

---

[9] *See id.* at 379 ("The 'two contract' defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed.").

[10] *In re Argo Fin., Inc.*, 337 F.3d 516, 519 n.1 (5th Cir. 2003).

[11] L A. CIV. CODE ANN. art. 2439.

[12] *See Allen*, 842 So. 2d at 379.

Further, the agreement between St. Tammany and Omni explicitly contemplates that subcontractors will be used. For instance, subcontractors were required to attend pre-construction and progress meetings as needed, and the names of the subcontractors were to be included in submittals regarding project work plans. The contract contains numerous other references to subcontractors. As such, the contractual relationship between Omni and Cahaba was not prohibited by Omni's contract with St. Tammany—it was expressly contemplated by the contract. The Groovers' argument in this regard thus has no merit.

The Groovers' statutory argument fails for the same reason. Louisiana Revised Statute section 39:1515.1 provides that "[n]o contractor shall assign any interest in any professional, personal, consulting, or social service contract with any governmental body as defined by R.S. 39:1484(11) by assignment, transfer, or novation, without the prior written consent of the secretary or director of the governmental body." Because Omni did not assign its interest to Cahaba, the statute is inapplicable.

\* \* \*

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Omni and Cahaba.