# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

No. 09-30299
Summary Calendar

Charles R. Fulbruge III
Clerk

DANNY KIRK,

Plaintiff–Appellant

v.

UNIVERSAL UNDERWRITERS OF TEXAS INSURANCE CO.,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-01528

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Danny Kirk appeals the district court's order granting summary judgment in favor of Appellee Universal Underwriters of Texas Insurance Co. ("UUT"). Appellant argues that the insurance policy UUT issued to Olympic International Trucks, Inc. d/b/a Olympic Ideal Lease ("Olympic") requires it to provide excess insurance to Kirk, who suffered injuries in an accident involving one of Olympic's trucks. The district court granted summary judgment for UUT

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30299

because an "escape clause" excused UUT from coverage where there was other insurance. Because UUT did not agree to provide excess insurance and because the escape clause is unambiguous, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While driving a tractor-trailer for his employer Gulf Coast Building Supply ("Gulf Coast"), Steve Frank Coronado collided with a van driven by Kirk. Kirk was thrown from the van and suffered serious injury. Olympic owned the tractor-trailer Coronado drove, and leased it to Gulf Coast. The lease agreement required Gulf Coast to maintain $750,000 of liability insurance on the tractor-trailer. Gulf Coast obtained liability insurance on the tractor-trailer from Home State County Mutual Insurance Company ("Home State"). The Home State policy had a limit of $1,000,000.

At the time of the accident, UUT had issued Olympic a liability insurance policy (the "UUT Policy") for Olympic's garage operations, which covered Coronado's tractor-trailer. Part 500 of the UUT Policy provided liability insurance to Olympic for injuries arising out of "garage operations" or "auto hazard." Auto hazard included coverage of "[a]nyone else required by law to be an insured while using an auto under a lease or rental agreement, within the scope of [Olympic's] permission." The UUT Policy provided that it only covered Olympic's lessees if "[a]t the time of the accident, the insurance required by the lease or rental agreement is not collectable."

Kirk filed a diversity suit against Coronado, Gulf Coast, and Home State. The defendants filed a third party demand against UUT alleging that its policy provided excess coverage above the insurance provided to Gulf Coast by Home State. Kirk amended his complaint to name UUT as a defendant and alleged that UUT's policy provided excess coverage. UUT moved to dismiss for failure to state a claim against Kirk, and in the alternative, for summary judgment. UUT moved for summary judgment against the other defendants.

2

No. 09-30299

The district court granted summary judgment to UUT against Kirk and the other defendants. The district court found that the UUT Policy only provided coverage where "the insurance required by the lease or rental agreement is not collectable," and the district court found that the term "collectable" did not require UUT to show that Kirk would be fully compensated for his injuries, only that the other insurance was able to be collected. The district court granted summary judgment because Kirk had not alleged that Home State was unable to make payment.

Kirk immediately appealed, but we rejected the appeal because the grant of summary judgment was not a final judgment and we therefore lacked jurisdiction. Kirk settled with the other defendants for the limit of Gulf Coast's policy.[1] The district court then granted Kirk's motion to certify the summary judgment as final. Kirk timely appealed.

## II. DISCUSSION

### A.    Standard of Review

"We review a district court's grant of summary judgment de novo, using the same standard as the district court." *Groover v. Scottsdale Ins. Co.*, 586 F.3d 1012, 1014 (5th Cir. 2009) (citing *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006)). "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(c)). "We review questions of law, including choice of law

---

[1] UUT argues that because the other defendants did not appeal the grant of summary judgment, the summary judgment against the other defendants is final, and therefore Kirk lacks standing to appeal that judgment, rendering his appeal moot. However, we have held that while non-parties normally do not have standing to appeal, there is an exception if the decree affects a third party's interests. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 780 (5th Cir. 2006) (citing *SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 329 (5th Cir. 2001)). Kirk appealed the grant of summary judgment against himself as well as the other defendants. This appeal is properly heard because Kirk has standing to appeal summary judgment as against the other defendants.

and contract interpretation, *de novo.*" *Waterfowl Ltd. Liab. Co. v. United States*, 473 F.3d 135, 142 (5th Cir. 2006) (citations omitted).

## B.    Applicable Law

In a diversity action, a federal court must apply the choice of law rules of the state in which the complaint was filed. *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 385 n.7 (5th Cir. 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).   Kirk filed suit in Louisiana, and Louisiana law provides that "the law of the state whose policies would be most seriously impaired if its law were not applied to that issue" governs.  LA. CIV. CODE art. 3537.

Both parties argue that under either Texas or Louisiana law, they should win.  The district court applied Texas law, and we agree that Texas law applies to the interpretation of the UUT Policy.  The UUT Policy was issued in Texas, and the insured, Olympic, is domiciled in Texas.  Texas's interests in governing insurance contracts entered into in Texas for the protection of Texas residents would be most seriously impaired if Texas law did not apply.  *See Shell Oil Co. v. Hollywood Marine, Inc.*, 701 So. 2d 1038, 1041 (La. Ct. App. 1997) ("Texas clearly has a legitimate interest in regulating insurance contracts delivered to and insuring activities of Texas businesses.  Louisiana has no such interest.") (citation omitted).

## C.    UUT Policy

Insurance contracts are subject to the same rules of construction as ordinary contracts. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997).  Insurance policies are strictly construed in favor of the insured to avoid exclusion of coverage. *Devoe v. Great Am. Ins.*, 50 S.W.3d 567, 571 (Tex. App.—Austin 2001, no pet.) (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984)).  "However, this does not apply when the term to be construed

is unambiguous and susceptible of only one construction; then the court must give the words of the policy their plain meaning." *Id.*

The parties dispute the effect of the escape clause, which limits coverage to situations where "the insurance required by the lease or rental agreement is not collectable." Kirk argues that the term "collectable" is ambiguous because "collectable" is not a word, and therefore we should construe the term in his favor and hold that the insurance must fully compensate him for his injuries to be "collectable."

"Collectable" is an acceptable alternative spelling of collectible and means "capable of being collected." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 417 (2d ed. 2001). The UUT Policy only provided coverage where "the insurance required by the lease or rental agreement is not collectable." The "insurance required by the lease" was $750,000, and Home State actually provided $1,000,000. There is no dispute that the Home State insurance was capable of being collected. We hold that the term "collectable" is unambiguous and find no reason to graft a requirement that the other insurance fully compensate Kirk onto the UUT Policy.

Kirk also argues that under Texas law, a specific excess clause defeats a specific escape clause. Kirk cites *Hardware Dealers Mutual Fire Insurance Co. v. Farmers Insurance Exchange*, 444 S.W.2d 583 (Tex. 1969) for this proposition. However, *Hardware Dealers* involved two insurers asserting that escape clauses reduced their liability, and thus has no relevance to the result here. *Id.* at 584. Most importantly, the UUT Policy does *not* contain an excess clause, specific or otherwise. The UUT Policy simply covers Olympic, and, in this case, Gulf Coast, who was "using an auto under a lease or rental agreement, within the scope of [Olympic's] permission." Nothing suggests that UUT or Olympic intended the UUT Policy to provide excess insurance for Olympic's lessees. The UUT Policy

No. 09-30299

is unambiguous, and the district court properly granted summary judgment for UUT.

## III.  CONCLUSION

For the reasons stated above, we AFFIRM the district court's grant of summary judgment.

AFFIRMED.