**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL MARTINEZ-ARREOLA; MARICELA MARTINEZ-GARCIA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74559 <br><br> Agency Nos. A098-212-237 <br> A098-212-238 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Manuel Martinez-Arreola and Maricela Martinez-Garcia, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") removal order. We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's findings of fact, and review de novo constitutional challenges to removal orders. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). We deny the petition for review.

The agency did not err in denying petitioners' motion to suppress the Form I-213 because petitioners did not demonstrate that the I-213 was obtained through an egregious violation of the Fourth Amendment. *See Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994). The officers who stopped petitioners' vehicle relied on "specific articulable facts together with rational inferences from these facts, that reasonably warrant[ed] suspicion" that petitioners were aliens who may be illegally in the country. *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1445 (9th Cir. 1994) (internal quotation marks and citation omitted); *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002) (reviewing courts must consider the "totality of the circumstances" in determining whether an officer has a particularized and objective basis for making a stop).

The agency did not violate petitioners' due process rights by admitting the Form I-213 because the form was probative and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995). Petitioners had the opportunity to cross examine one of the arresting officers with

first-hand knowledge of the facts reflected in the form, and they produced no probative evidence that cast doubt on the document's reliability.

Petitioners' contentions that the IJ violated due process by making insufficient factual findings and improper objection rulings fail because they did not demonstrate prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**