**NOT FOR PUBLICATION**

FEB 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ARMANDO MONROY-PERDOMO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70435 <br><br> Agency No. A088-889-834 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Jose Armando Monroy-Perdomo, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") removal order.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional challenges to removal orders, *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Even assuming that the allegedly unlawful search of Monroy-Perdomo's residence and his subsequent arrest was an egregious violation of his constitutional rights, the agency did not err in concluding that there was substantial independent evidence in the record to establish that he was nonetheless subject to removal as charged. *See Hoonsilapa v. INS*, 575 F.2d 735, 738 (9th Cir. 1978), *modified by* 586 F.2d 755 (9th Cir. 1978) ("[T]he mere fact that a Fourth Amendment illegality directs attention to a particular suspect does not require exclusion of evidence subsequently unearthed from independent sources.")

The BIA did not abuse its discretion in denying Monroy-Perdomo's motion to remand to apply for voluntary departure, where he had the opportunity to apply for voluntary departure before the IJ and he did not claim that ineffective assistance of counsel prevented him from applying. *See* 8 C.F.R. § 1003.2(c)(1); *Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) ("petitioners are

generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances.")

**PETITION FOR REVIEW DENIED.**