**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FELIPE DE JESUS LOPEZ-GOMEZ, AKA Felipe J. Lopez Gomez; MARIA VENEGAS-GUERRA, AKA Maria M. Lopez Venegas; CECILIA V. LOPEZ-VENEGAS; MAYRA CATALINA LOPEZ-VENEGAS, AKA Mayra C. Lopez Venegas, | No. 11-72099 |
| | Agency Nos.    A075-261-306 |
| | A075-261-307 |
| | A075-261-309 |
| | A075-261-311 |
| Petitioners, | |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 17, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Petitioners Felipe de Jesus Lopez-Gomez, Maria Venegas-Guerra, Cecilia V.

Lopez-Venegas, and Mayra Catalina Lopez-Venegas are citizens of Mexico who

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

entered the United States without inspection in December 1989. In 1997, Lopez-Gomez applied for asylum on behalf of himself and the other Petitioners. In the application, Lopez-Gomez acknowledged that Petitioners had been born in Mexico and had entered the United States without inspection. In 1998, the former Immigration and Naturalization Service placed Petitioners into removal proceedings. Petitioners' application for asylum was denied in 2000, and they voluntarily departed the United States in 2005. Sometime between 2005 and 2008, Petitioners re-entered the United States without inspection.

Around 6 a.m. on July 25, 2008, Immigration and Customs Enforcement ("ICE") officers entered Lopez-Gomez's home without permission or a warrant. According to Petitioners, the ICE agents ordered them to sit at the dining room table and asked them about their identity and alienage. After Petitioners answered the agents' questions, the agents read them their rights.

In September 2008, ICE initiated removal proceedings against Petitioners. Petitioners moved to suppress the evidence obtained in their home as the fruit of an egregious Fourth Amendment violation. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008). In a hearing before the Immigration Judge ("IJ"), ICE introduced a copy of ICE Form I-392 for each Petitioner to establish his or her alienage. The forms do not state Petitioners' places of birth or immigration

2

statuses.  Petitioners argued that the forms should be suppressed as fruit of the illegal search of their home.  The IJ denied the motion to suppress on the ground that the government discovered the documents from Petitioners' prior immigration proceedings using "identity evidence" — that is, evidence of who the Petitioners are — which may not be suppressed.  *See United States v. Del Toro Gudino*, 376 F.3d 997, 1001 (9th Cir. 2004).

At a subsequent hearing, the IJ sua sponte took administrative notice of Petitioners' earlier asylum application, in which Petitioners indicated that they are Mexican nationals.  The IJ then found Petitioners removable.  Petitioners appealed to the BIA and filed a motion to remand to the IJ.  The BIA dismissed the appeal and denied the motion to remand.  Petitioners challenge the BIA's decision.  We have jurisdiction under 8 U.S.C. § 1252(a).

The IJ did not err in relying on documents from Petitioners' prior immigration proceedings, even if we assume that the raid of Petitioners' home was an egregious Fourth Amendment violation and that ICE would not have discovered the documents relating to Petitioners' prior immigration proceedings had the officers not learned Petitioners' identities during the raid.  Under our current circuit law, "the simple fact of who a defendant is cannot be excluded, regardless of the nature of the violation leading to his identity."  *Del Toro Gudino*, 376 F.3d at 1001.

Petitioners contend that the IJ erred in sua sponte taking administrative notice of their asylum application without providing them notice and an opportunity to respond. Even assuming error, Petitioners have not shown prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). To establish prejudice, Petitioners "must present 'plausible scenarios in which the outcome of the proceedings would have been different' if a more elaborate process were provided." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (quoting *Walters v. Reno*, 145 F.3d 1032, 1044 (9th Cir. 1998)). Petitioners have not done so. Had the IJ provided Petitioners with notice and an opportunity to respond to the documents, Petitioners would not have had a plausible basis for challenging the documents' authenticity. Nor could Petitioners have kept the documents out of the record by challenging their admissibility. The governing regulations permit the IJ to "receive in evidence any oral or written statement that is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial." 8 C.F.R. § 1240.7(a). Further, "hearsay is admissible in immigration proceedings." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003).

Petitioners moved before the IJ to terminate proceedings on the ground that the government had deported a material witness who would have testified in a

4

suppression hearing.  Petitioners contend that the BIA erred in failing to address their argument that the IJ did not rule on their motion.  The BIA did address the argument, however, and correctly ruled that Petitioners' motion was moot because no suppression hearing was required.

Finally, the BIA did not abuse its discretion in denying Petitioners' motion to remand.  *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  Petitioners' first argument for a remand was based on their claims on the merits, which the BIA properly denied.  The BIA did not abuse its discretion in rejecting Petitioners' second argument for a remand — that they must be allowed to seek immigration relief before the IJ — because Petitioners' motion failed to identify the nature of the relief they sought.

**AFFIRMED.**