**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES CRUZ-GRANILLO, AKA Andres Granillo Cruz, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-72232 <br><br> Agency No. A205-065-439 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Andres Cruz-Granillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The agency did not err in denying Cruz-Granillo's motion to suppress the Form I-213 and terminate proceedings, where Cruz-Granillo did not demonstrate that the information in the Form I-213 was obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution).

The agency did not err or violate Cruz-Granillo's due process rights by admitting the Form I-213 into evidence, where the Form I-213 was probative, its admission was fundamentally fair, and Cruz-Granillo did not show that it contained information that was inaccurate or obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien.");

15-72232

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We reject Cruz-Granillo's contention that he was entitled to confront the preparer of the Form I-213 in court. *See Espinoza*, 45 F.3d at 311 (the immigration judge was not required to permit cross-examination of the Form I-213's preparer absent evidence of unreliability).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Cruz-Granillo's testimony and information contained in his asylum application and the Form I-213. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination supported under the totality of circumstances). Cruz-Granillo's explanations do not compel a contrary result. *See Lata*, 204 F.3d at 1245. In the absence of credible testimony, Cruz-Granillo's asylum and withholding of removal claims fail. *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

Cruz-Granillo's CAT claim also fails because it is based on the same testimony the agency found not credible, and he does not point to any other evidence that compels the conclusion that it is more likely than not he would be tortured if returned to Mexico. *See id.* at 740-41.

In light of this disposition, we do not reach Cruz-Granillo's remaining contentions regarding his eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d

3

532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues

unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**